FICKEN *et al. v.* THE STATE.

*Atkinson, J.*—1. Where several persons were jointly tried for a criminal offense, and one of them by consent testified as a witness for the others, at the same time making a statement in his own behalf, and the trial resulted in the conviction of all the accused, it is not cause for granting any of them a new trial, that a question asked by the presiding judge of the witness above mentioned, and a statement made by the solicitor-general with reference to him, tended to create the erroneous impression that this witness had been formerly tried in that court for another offense, there being no motion for a mistrial, and it appearing that the injury, if any, done to the accused was fully corrected by an appropriate withdrawal on the part of the solicitor-general of the statement he had made, and also by the judge in his charge to the jury.

2. Where by consent a wife was permitted to testify in behalf of her husband and others jointly on trial for the same offense, it was competent to impeach her by proof of contradictory statements previously made, although such statements, if themselves true, tended to show guilt on the part of the husband. While the impeaching evidence could not be used for this latter purpose, it was admissible to show that the witness was herself unworthy of belief.          *Judgment affirmed.*
October 21, 1895.

Indictment for burglary.  Before Judge Clark.  Fulton superior court.  March term, 1895.

*Frank R. Walker*, for plaintiff in error.
*Charles D. Hill,* solicitor-general, contra.