### TOM BOATRIGHT v. THE STATE.

#### No. 2196.    Decided January 30, 1901.

1. **Fornication—Evidence.**

On a trial for fornication, it is competent to prove that defendant authorized his brother to try and get the female particeps criminis admitted to the county poor farm.

2. **Same—Letter as Impeaching Evidence.**

On a trial for fornication, a letter, written by the female particeps criminis to defendant, was admissible in evidence to show contradictory statements made by her variant from her testimony as a witness.

3. **Same—Evidence as to Chastity.**

On a trial for fornication, evidence that the woman was formerly chaste is illegal and inadmissible.

4. **Witness—Impeachment of.**

Where a witness is asked on cross-examination, if he, the witness, did not make a certain statement to a third party, which statement was immaterial to any issue in the case, denies that he made such statement, the testimony of said third party to the effect that the witness did make said statement to him is hearsay and inadmissible. The witness could not be impeached as to a matter wholly immaterial.

APPEAL from the County Court of Johnson. Tried below before Hon. W. D. McKoy, County Judge.

Appeal from a conviction of fornication; penalty, a fine of $500.

The indictment was for fornication jointly against T. M. Boatright and Tennie Looper, by unlawfully living together and having carnal intercourse with each other. Tennie Looper was the niece of defendant's deceased wife, and, when his wife died, defendant got Tennie to come and live at his house and take care of his children. She testified at the trial to numerous acts of carnal intercourse with defendant, and that she was then pregnant as the result of intercourse with defendant. While upon the stand as a witness, she stated she had never had carnal intercourse with anyone but defendant. She was shown letters she had written to defendant in which she admitted that she had had intercourse with other men. These letters, she testified, defendant had made her write. They were introduced to impeach her.

It was proved that defendant's brother had tried to get Tennie Looper admitted to the county poor farm. On objection to this evidence, it was shown that defendant's brother acted in the matter at the instance of defendant. The State, over objection of defendant, was permitted to prove that Tennie Looper was a chaste woman before she lived with defendant.

The opinion shows the facts pertaining to the impeachment of the witness Orear.

*D. W. Odell,* for appellant.  [No briefs on file for appellant.]

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of fornication, and his punishment assessed at a fine of $500; and he appeals.

Appellant excepted to the action of the court in admitting certain testimony of N. F. Watts to the effect that, at the instance of the brother of appellant, he tried to get Tennie Looper, the particeps criminis with appellant, admitted to the county farm. This was objected to on the ground that appellant was not a party to said agreement. Under the court's explanation, to wit, that defendant was shown to have authorized his brother's action in the premises, we think this testimony was admissible.

Appellant also excepted to the action of the court in refusing to permit the introduction of a letter, which was shown to have been written by Tennie Looper to him. This testimony was offered at the time Tennie Looper was on the stand, and was for the purpose of contradicting her statements made against appellant. In our opinion, said letter was admissible for the purpose indicated. Her testimony was the most material against appellant, and the letter showed statements made by her variant from and contradictory to her statements on the stand.

The court also admitted testimony to the effect that Tennie Looper, the particeps criminis with defendant, had a good reputation for virtue and chastity prior to her living in adultery and fornicating with defendant. The offense charged here is fornication and not seduction of an unmarried female. It is simply an offense against the public decency and morality. It certainly would not tend to prove the case to show that one of the parties to the fornication formerly was chaste. Both parties were held guilty of the offense, and this presumes the voluntary act on the part of defendant. We do not think testimony showing that the woman was formerly chaste would be legitimate evidence, and being illegal testimony, it is evidently calculated to injure the rights of appellant; and to this character of evidence undoubtedly is to be attributed the large verdict in this case. Nor does the fact, as explained by the court, that the evidence of other wit-

nesses to the same effect had previously been admitted without objection, serve to legalize testimony when offered and objected to.

Appellant also saved a bill of exceptions to the action of the court with reference to the witness Orear. This was a witness for the defense, and he was asked why he left Tom Boatright's place. Witness stated he left defendant to nurse a smallpox patient, and go to work in Ellis County; and thereupon the State asked witness if he did not tell Gen. Rogers he left appellant's place because he had charged him with looking through the keyhole into a room where defendant and Tennie Looper were, and that he said he would kill defendant before he would be mixed up with that mess. Witness answered that he made no such statement. Thereupon the State proved by the witness Gen. Rogers, over appellant's objection, that Orear told him he left defendant's place because defendant had accused him of looking through the keyhole at him (defendant) and Tennie Looper, and he (Orear) would kill somebody before he would let them mix him up in that business. This testimony was clearly hearsay, and inadmissible. So far as we are advised, it was immaterial to any issue in the case as to why Orear left appellant's place; and, if he denied the reason assigned to him by the question, it was not competent to contradict him as to that matter. If Orear had seen appellant and Tennie Looper together fornicating, or under suspicious circumstances, suggesting they might have been fornicating, this would have been competent testimony. But it was not competent after he denied the statement to Gen. Rogers, which involved the fact, to then contradict him, and thus get illegal testimony before the jury, which, from its character, served to prejudice appellant. For the reasons assigned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*