WILL WALTON v. THE STATE.

No. 3585. Decided June 2, 1915.

Rehearing denied June 25, 1915.

**1.—Rape—Age of Consent—Sufficiency of the Evidence.**

Where, upon trial of rape upon a female under the age of consent, the evidence was sufficient to sustain the conviction under a proper charge of the court, there was no reversible error.

**2.—Same—Continuance—Want of Diligence — Impeachment — Irrelevant Testimony.**

Where defendant's application for a continuance showed a want of diligence, and that the absent evidence was not material, and of an impeaching character, there was no error in overruling the motion.

**3.—Same—Evidence—Impeachment—Want of Predicate—Bill of Exceptions.**

Where defendant failed to lay a predicate as to statements by the prosecuting witness, there was no error in sustaining an objection to the introduction of a conversation between defendant's witness and the prosecuting witness to the effect that defendant was not guilty, etc.; besides, defendant accepted the qualification by the court of his bill of exceptions which showed no error.

**4.—Same—Evidence—Age of Prosecutrix—Marriage Certificate.**

Where the age of the prosecutrix, in a trial for rape, was a material issue, there was no error in permitting the State to introduce in evidence the marriage certificate of the parents of prosecutrix.

**5.—Same—Evidence—Age of Prosecutrix—Scholastic Census.**

Upon trial of rape upon a female under the age of consent, where the age of the prosecutrix was a material issue, there was no error in permitting the

State to introduce in evidence the scholastic census, signed and sworn to by the mother of the prosecutrix upon a certain date therein named, giving the age, date and birth of prosecutrix.

6.—Same—Conspiracy—State's Witnesses—Charge of Court.

Where, upon trial of rape, defendant contended that there was a conspiracy among the State's witnesses to have him indicted for said offense, there was no error in the court's failure to single out his testimony and submit a charge thereon; besides there was no proper objection to the charge of the court.

Appeal from the District Court of Coryell.    Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of rape on a female under the age of consent; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Mears & Watkins,* for appellant.—On question of cumulative evidence, and refusing application for continuance: Morgan v. State, 134 S. W. Rep., 934; Smith v. State, 55 Texas Crim. Rep., 628, 114 S. W. Rep., 827; Branch on Criminal Law, sec. 257.

On question of introducing in evidence marriage certificate of prosecutrix's parents: Anderson v. State, 74 Texas Crim. Rep., 621, 170 S. W. Rep., 142.

On question of introducing in evidence scholastic census: Jones v. State, 74 Texas Crim. Rep., 205, 167 S. W. Rep., 1110; Anderson v. State, supra; Liner v. State, 70 Texas Crim. Rep., 75, 156 S. W. Rep., 211; Seymour v. State, 71 Texas Crim. Rep., 76, 158 S. W. Rep., 304; Sims v. State, 72 Texas Crim. Rep., 621, 163 S. W. Rep., 79; Walker v. State, 64 Texas Crim. Rep., 70, 140 S. W. Rep., 455.

On question of court's refusal to charge on conspiracy of witnesses: Caples v. State, 74 Texas Crim. Rep., 127, 167 S. W. Rep., 730.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was convicted of rape on a girl under fifteen years of age and his punishment assessed at five years in the penitentiary,—the lowest prescribed by law.

We see no necessity for reciting the evidence. It was amply sufficient, both by positive and direct testimony, as well as other facts and circumstances, to authorize the jury to convict him.

Appellant sought a continuance on account of the absence of Robert Smith and J. R. Hill, which the court refused. In his bill he alleged that it would be his theory of the case that the indictment and prosecution for the offense charged were brought about by a conspiracy between T. A. Blair, Ollie Wilson and the prosecuting witness, Thelma Turpin, and that he expected to show by Smith that the prosecuting witness called in his place of business and informed him that Blair and Wilson had been trying to get her to enter into a conspiracy against him. And he expected to show by the witness Hill that Hill had had a conversation with Blair and that Blair had told said witness of the

conspiracy and that there had been a frame-up by said Blair, Wilson and Thelma Turpin, and that Blair threatened to appear before the grand jury and have said bill of indictment returned against him unless he put up certain money. In allowing the bill, the court did so with this explanation:

· ". . . That as to the witness Smith, named in the application for a continuance, the prosecutrix, Thelma Turpin, testified to the conversation she had with the defendant in his store in Gatesville, Texas, at the time referred to in the application, and the defendant also testified to the same thing, said witnesses agreeing on it and no witness denied it and the State did not contradict it or in any way call it in question. See Thelma Turpin's testimony,—page 12, Statement of Facts, and Will Walton's testimony, page 41, Statement of Facts. The State's contention was as this evidence would indicate on the part of Thelma Turpin, that she was under defendant's power and influence and extremely friendly to him,—what she told Walton in his store was an admitted fact and in no way called in controversy. As to Hill, it was only claimed by defendant that he wanted to prove certain statements made by one Blair to the witness Hill, prior to the prosecution of the defendant. This would not have been material evidence for defendant—at most its character was only in the nature of impeachment and would not justify a continuance. Hill was a State's witness and the State had process issued for him. The defendant did not follow up his application for process and have it issued or even sent to the proper officer to be served. The district attorney contended that Hill's testimony would have been favorable to the State. With this explanation, the bill is allowed and will be made a part of the record." The action of the court, in refusing a continuance as explained by the judge, was correct.

Appellant also complains that the court erred in sustaining the State's objection to these questions asked by him of his witness Miller Roberson: "You had a conversation with Thelma Turpin at Leon Junction, did you not? In said conversation did she or not make a statement to you with reference to the defendant's case?" The State objected to the answers of the witness because no predicate had been laid. The court sustained the objection. In allowing and approving this bill he did so with this explanation: "I understand that defendant contends by the above bill of exceptions that a witness who happens to be the injured party stands on a different basis to other witnesses, and that what such a witness says is admissible as original evidence. I do not so understand the law. Thelma Turpin was not asked by defendant when on the stand if she had told Miller Roberson 'that the defendant was not guilty, and ought not to go to the penitentiary,' and defendant did not ask that she be recalled so that he could lay this predicate. However, Miller Roberson would not have testified as contended in the bill. In a signed statement now before me said witness states: 'I do not remember whether she (Thelma Turpin) said Will Walton had ever had intercourse with her or not.'" This bill was accepted as thus

qualified and appellant made no objection to the qualification and he
is bound thereby. This shows no error.

The question of the date of the marriage of the prosecuting witness,
Thelma Turpin's, parents became material. Both her father and
mother testified. The appellant, in cross-examination of each of them,
asked them particularly about it. In effect, he sought to show they
married several years before they testified they did, and he contended
that the prosecuting witness was much older than she and they testified
she was. The State, in rebuttal, had the county clerk produce the
record of marriage certificates. This record of the marriage certifi-
cates was then admitted in evidence over his objections. The court,
in approving the bill did so with this explanation: "Both the father
and mother of Thelma Turpin testified that they married under a
marriage license issued in March, A. D. 1898, and were married in
March, 1898, by Rev. J. S. Williams in Coryell County, Texas." The
bill does not give this marriage certificate, nor the substance of it. If
we could go to the record, it would show a regular marriage license,
issued by the county clerk of Coryell County, dated March 20, 1898,
authorizing the marriage of W. H. Turpin and Miss Bessie Browning,
properly returned, executed by J. S. Williams on the same day, and
filed March 26, 1898, duly recorded, giving the book and page of the
license record. This evidence was clearly admissible.

As stated, the age of the prosecuting witness was, of course, material.
She and her mother both testified that she was born January 4, 1900.
Appellant attacked their testimony on this issue. The court there-
upon permitted the State, in rebuttal, to identify, prove up and intro-
duce the sworn scholastic census, signed by Mrs. Turpin in the year
1912, giving the age, date of birth, etc., of Thelma, over appellant's
objections that it was hearsay, an ex parte affidavit only, and inadmis-
sible. In approving the bill the court did so with this qualification
and explanation: "On the trial of this case the prosecuting witness
swore that she was under fifteen years of age at the time the defendant
had intercourse with her, and her mother swore that she was born on
January 4, 1900, and was consequently under fifteen years of age at
the time of the alleged act of intercourse with the defendant. In order
to impeach both the prosecutrix and her mother, Mrs. Bessie Turpin,
the defendant claimed that they had each together stated to one Woods
that prosecutrix was eighteen years old then. Mrs. Turpin's evidence
being thus attacked as to her statements of her daughter's age, I per-
mitted the State to show that long prior to the time she testified in
this case, she had stated to Nabors in writing and under oath that
Thelma Turpin was born on January 4, 1900, that being the same
statement she made on the stand as to her daughter's birth. However,
I will add that neither in argument on the trial of the case nor in
defendant's motion for a new trial was it contended that the evidence
was insufficient to show that prosecutrix was under fifteen years of
age at the date of the alleged act of intercourse with defendant. The

jury gave him the lowest term for rape." The court correcuy admitted said document in evidence. Sec. 1194, subdiv. 4, Wh. Ann. C. C. P.

As shown above, appellant seems to have contended, before the trial began, that there was a conspiracy against him by Blair, Ollie Wilson and Thelma Turpin to extort money from him and to have him indicted for this offense.. Apparently he abandoned this, because he asked no charge on the subject at all and made no objection to the court's charge on that account; but he did ask a charge, which the court refused, to the effect that if the jury believed that Ollie Wilson, Thelma Turpin and Mrs. Turpin had entered into a conspiracy against him, and that the indictment was brought about by or through said conspiracy, and they further believed he did not have intercourse with Thelma Turpin, or had a reasonable doubt of it, to acquit him. In this requested charge he does not, in any way, state what the conspiracy was. However, in no event would it have been proper for the court to have singled out the question of either of said claimed conspiracies and charged thereon for it would have been in effect a comment upon the weight of the testimony which is expressly prohibited by statute. Such a claim by an accused on the trial may be shown, if it can, by evidence, and, of course, properly commented on in argument before the jury to show the bias and prejudice of the witnesses against him and to attack the truthfulness of any of their incriminating evidence against him. But the court should not specially charge thereon. We expressly so hold in the case of Collins v. State, from Tarrant County, this day decided. The court committed no error in refusing appellant's charge on the subject.

The court did not err in refusing to give **appellant's** special charge requiring the jury to peremptorily acquit.

There is nothing else in the record that requires any discussion.

The judgment is affirmed

*Affirmed.*

[Rehearing denied June 25, 1915.—Reporter.]