PIERCE HOPKINS v. THE STATE.

No. 3787. Decided December 15, 1915.

1.—Rape—Age of Female—Insufficiency of the Evidence.

Where, upon trial of rape upon a female under the age of consent, the age
of the latter was a material issue in the case, the court should have permitted
testimony which controverted the testimony of the mother of the prosecutrix
who testified that the latter was under 15 years of age at the time of the
alleged carnal intercourse, and which would have shown that the alleged female
was over the age of 15 years, the same was reversible error. Prendergast, Pre-
siding Judge, dissenting.

2.—Same—Evidence—Census Blank—Census Record.

Upon trial of rape upon a female under the age of consent, it was re-
versible error to introduce in evidence the census record in support of·the
testimony of a State's witness, it appearing that such census record was made
by the said witness after the offense had been committed and the prosecution
begun. Prendergast, Presiding Judge, dissenting.

3.—Same—Evidence—Supporting Testimony—Rule Stated.

It has always been the rule in this court that a witness can not be sup-
ported or sustained by similar statements to that testified to on the trial which
were made after the motive existed which would likely prompt the witness to
testify falsely. Following Anderson v. State, 50 Texas Crim. Rep., 134, and
other cases.

4.—Same—Evidence—Census Report—Age of Prosecutrix.

Where, upon trial of rape upon a female under the age of consent, the age
of the latter was a material issue, there was reversible error in not permitting

the defendant to introduce a census report made before the motive to swear falsely arose and which would have tended to materially weaken the State's testimony; although the census report was taken by another but signed by the witness for the State who had testified to the non-age of the prosecutrix. Following Hunter v. State, 8 Texas Crim. App., 75, and other cases. Prendergast, Presiding Judge, dissenting.

**5.—Same—Newly Discovered Evidence—Want of Diligence.**

Where the motion for a new trial on the ground of newly discovered evidence showed a want of diligence on the part of the defendant and his counsel to discover the alleged testimony before trial, the same was correctly overruled. Harper, Judge, dissenting.

Appeal from the District Court of Upshur. Tried below before the Hon. M. G. Sanders.

Appeal from a conviction of rape upon a female under the age of consent; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Mell & Stephens, A. U. Puckett,* and *A. S. Baskett,* for appellant.— On question of the insufficiency of the evidence: Johnson v. State, 27 Texas Crim. App., 163.

On question of rejecting testimony as to age of prosecutrix: Woolbright v. State, 35 S. W. Rep., 393; Good v. State, 18 Texas Crim. App., 39; Shearar v. State, 30 id., 349; Hill v. State, 52 Texas Crim. Rep., 241.

On question of newly discovered evidence: Lindley v. State, 11 Texas Crim. App., 283; Francis v. State, 44 Texas Crim. Rep., 246.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of rape and his punishment assessed at five years confinement in the State penitentiary.

We will not discuss the testimony, nor all the bills of exception as presented by the record as, in our opinion, the case must be reversed and remanded for a new trial.

The age of the girl was a most sharply contested issue. She and her mother testified to the act of intercourse, and that she was under fifteen years old. Appellant denied the act of intercourse, and contended that the girl was more than fifteen years of age, and introduced two witnesses who so testified, and if the jury found that in fact he did have the act of intercourse, he was guilty of no offense, as all the testimony shows that if an act of intercourse occurred it was by mutual consent. Her age was a most sharply contested issue on the trial. The girl and her mother swear that Cyrinia was born June 28, 1901. This would make her only thirteen years of age at the time of the alleged rape. The mother while testifying said that her daughters Mirt and Sapolia were younger than Cyrinia; that Mirt was born November 13, 1903, and Sapolia was born February 24, 1905. If she stated the ages of these girls correctly, Sapolia would only have been nine years old in

1914, four years younger than Cyrinia. After she had so testified appellant introduced J. W. Sharp as a witness, and he testified he taught school in the neighborhood in which Haza Wallace, the mother, lived in 1907; that Cyrinia, Mirt and Sapolia all went to school to him in 1907. As tending to affect her credit as a witness on the issue of age of the girl, bill of exceptions No. 4 shows that if Sharp had been permitted to do so he would have testified that all three of the girls went to school to him in 1907, and they were all within the scholastic age,—making the youngest girl at least seven years old in 1907, and the prosecuting witness in this case over seventeen years of age in 1914. Haza Wallace had testified Sapolia was born in February, 1905, and if so she would only have been two and one-half years old in the fall of 1907. This witness would have sworn as shown by the bill, "all three of the girls were within the scholastic age," and would have made Sapolia at least seven years of age instead of two and one-half years of age in 1907; Mirt at least eight and one-half years of age instead of four years of age, and Cyrinia at least ten years of age instead of six years of age. Had this witness been permitted to testify that Mirt and Sapolia had gone to school to him in 1907, and were within scholastic age, the evidence would have had a strong tendency to prove that the mother was incorrectly stating Cyrinia's age on this trial, and Cyrinia was in fact over fifteen years of age at the time of the alleged act of intercourse. This testimony was admissible, and the court erred in excluding it.

Again, it is shown that when Haza Wallace was being attacked as not correctly stating the age of these girls, the State was permitted to introduce the census of 1915 in support of her testimony. This was made by her after she contended the alleged offense had been committed, after she had gone before the grand jury, and after this prosecution had begun. It has always been the rule in this court that a witness can not be supported or sustained by similar statements to that testified on the trial *made after* the motive existed which would likely prompt him to testify falsely. This 1915 statement was made in May, five months after Haza Wallace had testified before the grand jury in January, when the bill was returned, and the census blank signed by her after the bill of indictment had been returned, as to the age of the girl, would not be admissible to support her testimony on the trial, and should not be admitted on another trial. Sanders v. State, 31 Texas Crim. Rep., 525; Conway v. State, 33 Texas Crim. Rep., 327; Anderson v. State, 50 Texas Crim. Rep., 134.

We also think the court erred in not permitting the defendant to introduce the census report made in May, 1914, *before* the motive to swear falsely arose. This report would have tended materially to weaken the testimony of Haza Wallace on this trial, as in that census the birth of the girl is stated to have occurred in a different year to that she testified to on the trial. In the qualification of the bill the court says he would have admitted it, if it had been properly proven

up, and so stated to appellant's counsel; that appellant contended it had been proven up sufficiently to authorize its introduction as tending to impeach the witness. We think appellant's counsel correct in such contention. We might not be authorized to look to the evidence, if the court in his qualification has not shown that he and appellant's counsel placed a different construction on the testimony adduced, but as he shows this to be a fact in his qualification, then we must look to the record to see which one placed the correct construction on the testimony. Haza Wallace in testifying about the 1914 census said: "I did not write that for the year 1914. I think that is Sadie Eubanks' handwriting. Sadie Eubanks took it (the census) last year. I did not do the writing there of the age of Cyrinia Wallace. *I signed it,* but did not write it." Signing it, made it her act. It is known that the census taker always fills the blanks after asking the questions, and then gives the blank filled to the person whose census is being taken for signature. As Haza Wallace admitted she signed the 1914 census, it was sufficiently proven up to authorize its introduction, as tending to impeach her testimony on the trial. While as hereinbefore stated, statements made after the motive to swear falsely has arisen, are not admissible in support of her testimony, yet it is equally well settled that statements made by her prior to the time the motive to swear falsely has arisen are admissible to impeach her. Hunter v. State, 8 Texas Crim. App., 75; Deneaner v. State, 58 Texas Crim. Rep., 624; Bostic v. State, 11 Texas Crim. App., 126; Sanders v. State, 54 Texas Crim. Rep., 101; Adams v. State, 52 Texas Crim. Rep., 13; Boatwright v. State, 42 Texas Crim. Rep., 442.

We also think the newly discovered testimony is of the character and kind which presents error in the ruling of the court. As before said, the age of the girl became and was a most material issue in the case. The testimony of the prosecutrix, her two sisters and her mother would make her under fifteen years of age  The testimony of Quincy Eubanks, John Hopkins and Ida Hopkins would all make the prosecuting witness seventeen years of age. They are all related to appellant, as were the witnesses who testified to her being under fifteen years related to the prosecutrix. Appellant in his motion for a new trial swears that he did not know that the prosecutrix had ever been to school to G. W. Lanere, and first learned this fact during the trial of the case by the testimony of the prosecuting witness and her mother. They show that Lanere had left Upshur County some eight years prior to this trial, and they could not ascertain his present location during the trial. That since the trial they had located Lanere in Bowie County, and file the affidavit of Lanere that the prosecuting witness went to school to him in 1904, and she was seven years of age at that time. The testimony of her mother would make her only three years old at that time, and hardly within the scholastic age nor of an age likely to attend school. If Cyrinia was seven years old in 1904, she would be seventeen years in 1914, as contended by appellant's witnesses.

The affidavit of Etha Robison is also attached to the motion for a

new trial, and she swears that Cyrinia Wallace attended school in 1904, and that she has known Cyrinia Wallace all her life and associated with her; that they had been raised together. That she, Etha Robison, was sixteen years of age, and Cyrinia was older than she; that Cyrinia had told her she was a year older than the witness.

The affidavit of Mary Tillman is also attached, and she swears that she is a midwife, and that she had been intimately acquainted with the family of Haza Wallace; had known Haza for thirty-six years; that she knows the age of Cyrinia Wallace, and she is seventeen years of age.

None of these witnesses are related to prosecutrix nor to appellant, and if they had been present at the time of the trial and so testified, it is probable a different result would have been obtained, for they tie their memory to other facts. Mary Tillman says Cyrinia was born in June, 1898, as contended by appellant on the trial of the case, and all these witnesses would make her seventeen years of age at the time of the alleged rape. On the trial it was shown she was a large girl and weighed 144 pounds. The State desires the imprisonment of no one unless a crime has been committed, and this testimony would render it very uncertain any crime was committed, even if appellant was guilty of carnal knowledge of the girl with her consent, which she testifies to, but which appellant most emphatically denies.

I will here state that Judge Davidson and Presiding Judge Prendergast are of the opinion that sufficient diligence was not shown to authorize a new trial on account of the alleged newly discovered testimony; that by the use of proper diligence it could have been discovered before the trial, but the writer entertains a contrary view. Judge Davidson agrees that the other bills present error and the case should be reversed, while Presiding Judge Prendergast is of the opinion that none of them present error,—the case should be affirmed. He is of the opinion that as appellant inquired about the census of 1915, and proved by the census enumerator that Haza Wallace first gave the birth of Cyrinia at a date when she would have been seventeen years of age in 1914, and after having her attention called to it she changed the date of birth to that given in the blank; that the census blank of 1915 became admissible. To this I do not concur. He also does not think the census blank of 1914 sufficiently proven up to have rendered it admissible, and that the bill in regard to the testimony of J. W. Sharp presents no error, the allegations in the bill being insufficient and too vague and indefinite, and is a conclusion of the witness.

For the above reasons, without discussing the other matters, we are of the opinion the case should be reversed and remanded for a new trial.

*Reversed and remanded.*