## S. W. REDWINE v. THE STATE.

No. 3992.   Decided March 15, 1916.

**1.—Rape—Age of Prosecutrix—School Census—Affidavit—Husband and Wife.**

Where, upon trial of rape upon a female under the age of consent, the State introduced in evidence over the objection of defendant the affidavits of the wife of defendant with reference to the school census to show the age of prosecutrix, and said wife had not been called on the witness stand by the defendant, and this matter was not brought out on cross-examination, the same was reversible error; besides, it appeared that defendant was not present when these affidavits were taken.

**2.—Same—Evidence—Bible—Erasures.**

 Where, upon trial of rape on a female under age of consent, the Bible was introduced to show the birth of the prosecutrix, and certain erasures appeared therein, it is not necessary to pass on this matter as the same may be properly adjusted upon another trial.

Appeal from the District Court of San Saba. Tried below before the Hon. N. T. Stubbs.

Appeal from a conviction of rape on a female under the age of consent; penalty, twenty-eight years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald*, Assistant Attorney General, for the State.—On question of age of prosecutrix: Walton v. State, 178 S. W. Rep., 358.

DAVIDSON, Judge.—Appellant was convicted of rape on a girl under fifteen years of age, his punishment being assessed at twenty-eight years confinement in the penitentiary.

Among other questions presented for review, bills of exception recite that certain named witnesses were permitted to testify they took the school census for 1911, 1912, 1913 and 1914; at least for two or three years, and that the name of the prosecutrix appears upon the census roll as does the names of the brother and sister of the prosecutrix. These reports show that prosecutrix was born August 16, 1900, making her less than fifteen years of age at the time of the alleged rape, the last act being shown as having occurred on the 20th of December, 1914. These census affidavits were made by the mother of the prosecutrix, appellant being the stepfather of the prosecutrix. This was used as original testimony, and, therefore, illegitimate. The mother did not testify, being the wife of the defendant. He did not see proper to call her as a witness. The State could not use her testimony, nor call her as a witness. Had she taken the witness stand and testified, under a proper predicate, these affidavits could have been used to impeach or corroborate, owing to how the question would arise. This matter has been the subject of decision in our courts on the question of impeachment and sustaining the impeached witness. Walton v. State, 77 Texas Crim. Rep., 413, 178 S. W. Rep., 358; Hopkins v. State, 78 Texas Crim. Rep., 319, 180 S. W. Rep., 1094. These census affidavits were used as original testimony, were made by the wife, and all but one were taken out of the hearing of the defendant and of which he seems to have had no knowledge; at least he was not present when those matters occurred. There is doubt as to the remaining one as to whether he heard it or not. If he heard this, it might be admissible, but the issue is there as to whether he heard it or not, and the jury should be guarded against using the statements unless it be shown that appellant heard them.

There is also a question with reference to the introduction of the Bible and the supposed erasures, showing the birth of the girl. It is

unnecessary to pass upon the matter as to whether the bill was proper and the Bible admissible. There were changes in the entry. These matters can be properly adjusted upon another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*