## STRAND v. STATE*
(No. 1350; February 8 1927; 252 Pac. 1030.)

RAPE—TESTIMONY OF PROSECUTRIX—CRIMINAL LAW—STATEMENT OF ACCUSED—EVIDENCE OF OTHER ACTS—EVIDENCE—DISCRETION IN RECEIVING FURTHER EVIDENCE OF PROSECUTION AFTER DEFENDANT RESTS—WITNESSES—UNCORROBORATED TESTIMONY OF YOUNG CHILD —INSTRUCTIONS.

1. One may be convicted of rape on uncorroborated testimony of prosecutrix.

2. Testimony of prosecutrix in rape prosecution should not be rejected because it indicates unusual state of depravity.

3. In rape prosecution, admission of evidence of ten year old prosecutrix's mental capacity, by showing that she was above average in mental tests, while objectionable, and unnecessary, since she was prima facie competent witness under Comp. St. 1920, § 5804, *held* not prejudicial error.

4. Permitting testimony that accused stated, after arrest, that he had gotten into quite a mixup and if witness could help him he would appreciate it, *held* not error, since statement was perfectly consistent with defendant's innocence and was voluntarily made.

5. In rape prosecution, evidence of other acts of intercourse *held* properly admitted to show lustful disposition and intent of defendant.

6. Permitting state, after defense had rested, to introduce evidence that was properly part of its case in chief,

*held* not abuse of discretion, where defendant was not denied right to meet evidence by reopening case, in view of Comp. St. 1920, § 7532, par. 4.

7. In rape prosecution, where defendant's wife had testified for him, it was not error to permit state to contradict or impeach her on material matters, where foundation had been properly laid by questions put to her on cross-examination.

8. Uncorroborated testimony of young child who is prosecutrix in rape prosecution should be viewed by jury with caution.

9. In prosecution of father of prosecutrix for rape, refusal of instruction that uncorroborated testimony of prosecutrix, a young child, unsupported by other evidence, should be viewed with great caution, *held* not abuse of discretion, in view of other instructions, sufficiency of evidence to support verdict, and fair and dispassionate manner in which trial was conducted.

*See Headnotes: (1) 33 Cyc. p. 1496 n. 82. (2) 33 Cyc. p. 1455 n. 29. (3) 17 C. J. p. 319 n. 19; 40 Cyc. p. 2204 n. 79. (4) 16 C. J. p. 629 n. 24. (5) 16 C. J. p. 608 n. 98. (6) 16 C. J. p. 868 n. 40. (7) 40 Cyc. p. 2765 n. 19. (8) 33 Cyc. p. 1486 n. 13. (9) 16 C. J. p. 1052 n. 89.

Error to District Court, Park County; Percy W. Metz, Judge.

Adolph Strand was convicted of rape, and he brings error.

*Paul R. Greever* and *Meyer Rankin,* for plaintiff in error.

The court erred in receiving the testimony of Cora Price, as to the mental ability of the prosecuting witness, it being mere hearsay, and also the testimony of Miss Libby Roney, on the same subject; the court should have examined the child in open court and determined from her own testimony whether she was a qualified witness; State v. Michael, 19 L. R. A. 605. There was no corroboration of the prosecuting witness as to some of the essential facts necessary to prove the charge; Tway v. State,

7 Wyo. 74; State v. Wilson, 228 Pac. 803; Wharton Crim. Law, 11th Ed., 904. The testimony of the wife of accused was erroneously received against him; 5805 C. S. The court erroneously permitted the introduction of what passed in a conversation between the defendant and one Carpenter, a deputy sheriff; the principal part of the state's evidence is in the form of rebuttal but, in reality, evidence that was a part of the state's case in chief; the court erred in receiving it after defendant had rested; the court erred in refusing defendant's requested instruction as to uncorroborated testimony of the prosecuting witness; Wharton Crim. Law, 11th Ed., 904; State v. Rash, 130 N. W. 91; State v. Stewart, 52 Wash. 61. The court erred in refusing defendant's requested instruction "A"; State v. Rash, supra; State v. Stewart, supra.

*D. J. Howell,* Atty. Gen., and *John C. Pickett,* Asst. Atty. Gen., for the State.

The witnesses Price and Roney were school teachers, who knew of the mental capacity of complaining witness; the court did not err in receiving their testimony; 16 C. J. 875-877. It is only persons under the age of ten, who appear incapable of receiving just impressions of facts respecting the nature of their examination, who are incompetent to testify; 5604 C. S. The court has discretionary power to pass upon the qualifications of a child witness, and a conviction will not be reversed on this ground unless it be shown that the child was incapable of receiving impressions or understanding an oath; Wheeler v. U. S. 159 U. S. 523; 40 L. Ed. 244; 5804 C. S. No objections were made to the testimony of the prosecutrix at the trial; Mills v. State, (Ga.) 30 S. E. 778; Burke v. Ellis, (Tenn.) 58 S. W. 855. It is quite apparent that the witness was qualified; in the absence of statute, corroboration of the prosecutrix, in a rape case, is not required; Tway v. State, 7 Wyo. 74; (Id.) State v. Bowker, 231 Pac. 706; State v. Wade, (Mo.) 269 S. W. 52; Day v. State,

(Okla.) 232 Pac. 122; State v. Cox, (Mo.) 263 S. W. 215; People v. Rabbit, (Cal.) 221 Pac. 391; Brewer v. State, (Tex.) 254 S. W. 809; State v. Wilhelm, (Kan.) 210 Pac. 347; Mc Intosh v. State, (Tex.) 239 S. W. 622; State v. Dachtler, (S. D.) 179 N. W. 653; Jones v. People, (Colo.) 195 Pac. 526; People v. Vickroy, (Cal.) 182 Pac. 764. 5804 C. S. is not applicable here, for the reason that the wife testified in favor of her husband; moreover, no objections were made to her testimony; voluntary admissions of the accused, made before or after the crime, are admissible without laying the ordinary foundation for the introduction of a confession; Clay v. State, 15 Wyo. 59; Mortimore v. State, 24 Wyo. 462; 16 C. J. 626. The court had discretionary power to permit prosecution to reopen its case and offer additional testimony; 7532 C. S.; Keffer v. State, 12 Wyo. 49; State v. Pinkston, 240 Pac. 219. Evidence of other criminal acts are admissible to show the lustful disposition of the defendant, and the existence and continuance of the illicit relation; 16 C. J. 608; 22 R. C. L. 1205. Instruction ''B'' requested by defendant, did not state the law and was properly refused; most of the points raised by defendant's brief are unsupported by authority and violate Rule No. 14 of the Supreme Court; See also, 3 C. J. 1428; Chestnut v. Lynch, (Okla.) 202 Pac. 1018; Meister v. Harrison, (Cal.) 206 Pac. 106; Cornner v. Hamilton, (Mont.) 204 Pac. 489; Winterton Co. v. Co., 211 Fed. 618.

KIMBALL, Justice.

The plaintiff in error, hereinafter called the defendant, was convicted of rape of his own daughter who at the time of the offense was about ten and one-half years of age.

The testimony of the prosecutrix reveals a shocking state of depravity. If the defendant committed the act charged, his wife, the mother of prosecutrix, probably knew at the time what was being done. It is contended that the evi-

dence was insufficient. The testimony of the prosecutrix as to the main fact, i. e., that defendant was the person who had carnal knowledge of her, was not corroborated. A conviction of rape may be had on the uncorroborated testimony of the prosecutrix. Tway v. State, 7 Wyo. 74, 50 Pac. 188. Yet it is undoubtedly true that the trial judge in acting on a motion for a new trial, and the appellate court in considering the sufficiency of the evidence, should take care to see that a verdict is not allowed to stand where it seems that the jury, who are likely to be influenced too much by the heinousness of the charge, have given undue weight to uncorroborated evidence that is unreasonable and improbable, or opposed to conceded facts. But it will not do to hold that the testimony of the prosecutrix is to be rejected because it indicates an unusual state of depravity. State v. Goodale, 210 Mo. 275, 109 S. W. 9; People v. Von Perhacs, 20 Calif. App. 48, 127 Pac. 1048.

We shall refrain from reciting details of the evidence with reference to the act constituting the offense. If the girl's testimony was true, there can be no doubt of defendant's guilt. The sole question, therefore, on the sufficiency of the evidence, is whether the jury were entitled to believe her. The act charged in the information was one committed January 19, 1925. The prosecutrix testified to many other similar acts during several months before that date. Her physical condition, as shown by the testimony of two physicians who had examined her, was such as might have been expected if her story was true. She was subjected to much questioning at the trial by the atorneys on both sides and by the court. She was searchingly examined not only as to the details of her physical relations with her father, but also as to all matters that might have furnished a motive for making a false charge, and was frequently reminded of the seriousness of the charge and admonished to tell nothing but the truth. The trial seems to have been conducted without

any effort to inflame the minds of the jury. From the conduct of the judge and the attorneys the jury must have been impressed with the fact that the testimony of the prosecutrix should not be taken to be true until it had been carefully examined in the light of every circumstance that would suggest the possibility of a bad motive or a defective mentality that would cause her to testify falsely. She showed no malice toward her father that would furnish a sufficient motive for giving false testimony, and complained of no ill treatment except the unlawful sexual practices. Indeed, when testifying before the Justice of the Peace, at the preliminary examination, she refused to accuse her father, and insisted that the only person with whom she had had sexual intercourse was her brother, eight or nine years old. She says she then so testified because her mother told her to do so. Her mother, who was a witness for defendant, denied this, but was impeached by proof of a conversation with the prosecutrix which tends to show that the latter's testimony on that point was true. The mother was contradicted on other matters, and the jury were entitled to disbelieve her, as they evidently did.

This is a case in which the appearance and conduct of the witnesses may have been a very important factor in deciding who was telling the truth. The jury, having that advantage, believed the prosecutrix, and the trial judge, who also had it, has approved the verdict. We cannot say from the written transcript that the verdict can be set aside as unsupported by sufficient evidence.

Before the prosecutrix was put on the stand, the state examined two witnesses to show her mental capacity. One of these witnesses gave some hearsay testimony as to a mental test, stating that the report of the test showed that the prosecutrix had an "intelligence quotient" of 104—100 being the average—and that this indicated that she was above the average in mental ability. This evidence was probably objectionable, not only because it

was hearsay, but on other grounds. It was also unnecessary. The prosecutrix was a competent witness, at least *prima facie* (Sec. 5804, Wyo. C. S. 1920), and when she was examined as a witness, no question was raised as to her competency. When she took the witness stand, and before she was asked anything in regard to the facts in the case, she was examined in the usual way about those matters that would tend to show whether or not she was competent to testify, and there appeared no reason for refusing to accept her as a witness. When the jury had seen the prosecutrix on the stand, and heard her give all her testimony, they then had a so much better way of judging of her intelligence, that we are sure they could not have been influenced by the objectionable evidence about the mental test.

The state was permitted to prove that the defendant, after his arrest·and while in the custody of the constable, stated to the constable, that "this was quite a mix-up he had got into and if I (the constable) could do him any good he sure would appreciate it to help him out." It is argued that this evidence was inadmissible because defendant was not warned that any statement he made might be used against him. The testimony clearly was not a confession of guilt, and, if relevant and material, was probably admissible without preliminary proof that it was made voluntarily. 16 C. J. p. 628, Sec. 1248. It does appear, however, that the statement was not made as the result of promises or threats, and we think the trial judge would have been justified in holding that it was a voluntary statement. We need not examine too closely into that, for the statement was perfectly consistent with defendant's innocence, and we think the jury could not have been influenced by it. The question of the materiality of the statement was not raised in the trial court, nor argued here.

The defendant argues that evidence of other acts of intercourse previous to the one charged, was inadmissible. No authorities are cited. The rule seems to be otherwise. 16 C. J. 608. The evidence, of course, should be considered only for the purpose for which it is admissible. In this case the jury were properly instructed that evidence of previous acts was received to prove the lustful disposition and intent of the defendant, and could only be considered by the jury for that purpose, and that defendant was only being tried for the offense of January 19, 1925, as charged in the information.

Late in the trial, after the defense had rested, the state was permitted to introduce evidence that was properly a part of its case in chief. This was a matter within the discretion of the trial judge, and we think the discretion was not abused. Wyo. C. S. 1920, Sec. 7532, 4th paragraph; Keffer v. State, 12 Wyo. 49, 73 Pac. 556; State v. Pinkston (Wyo.) 240 Pac. 219. There is nothing in the record to show that defendant was denied the right to meet this evidence by re-opening his case, or that he was not then as well prepared to meet it as he would have been if it had been introduced in its regular order.

As before stated, the wife testified for the husband. In her direct examination she related certain conversations which the state, in rebuttal, was permitted to contradict. The state was also permitted to contradict her as to another conversation which tended to show her bias and interest, the foundation having been properly laid by questions put to her on cross-examination. This last conversation, to which we have already made brief reference, had an incidental tendency to support the testimony of the prosecutrix as to why, at the preliminary examination, she had refused to accuse her father; but it is not contended that the evidence was objectionable because it had that tendency. No question of martial communications was involved. It is claimed, however, that in contradicting the wife on these matters, the state, in an indirect

way, was using her as a witness against the husband. The contention cannot be sustained. The statute provides that: "In no case shall the husband or wife be a witness against the other," with certain exceptions not now material. We see nothing in the statute to prevent the state from contradicting or impeaching the wife when she testifies for her husband. When the husband uses the wife as a witness he must accept the risk of such unwelcome results. See: Wigmore on Evidence (2nd ed.) Sec. 601. If, in contradicting or explaining statements made by her on direct examination, or in proving a conversation inquired about on cross-examination to lay the foundation for impeachment, the state proves statements by her which have become material by her testimony, it cannot be said that she is used as a witness against her husband. Ficken v. State, 97 Ga. 813, 25 S. E. 925; Redwine v. State, 79 Tex. Cr. R. 245, 184 S. W. 196; Gaunce v. State, 97 Tex. Cr. R. 365, 261 S. W. 577. Defendant relies on authorities cited in support of the statement in 40 Cyc. 2213, that:

"Where a husband or wife is incompetent, the rule cannot be evaded by allowing third persons to testify to his or her acts or statements with reference to the matter under investigation."

The text just quoted, as shown by an examination of the authorities cited in the note thereto, has no application in a case like ours where the wife has testified for the husband, and the statements in question are admissible under the general rules of evidence for the purpose of contradicting or impeaching the witness. Nothing that we have said should be taken as indicating that the state has a right to cross-examine such a witness on collateral and immaterial matters for the purpose of getting before the jury damaging statements made by her out of court.

The court refused to give the following instruction asked by the defendant:

"You are instructed that in this case the prosecution relies for conviction upon the testimony of Antoinette Strand, the prosecuting witness, and no other witness was called by the State to testify directly to the time and place or circumstances of the alleged offense, and you are instructed in cases where the State relies upon the uncorroborated testimony of the prosecutrix, unsupported by other evidence, that you should view such testimony with great caution."

While it cannot, perhaps, be said that the testimony of the prosecutrix was entirely "unsupported," it was unsupported, as we have said, on the main fact, that the defendant did the thing charged. ,

There can be no doubt that a jury should view with caution the uncorroborated testimony of a young child who is prosecutrix in a case of this kind. This has been recognized ever since the oft-repeated admonitions of Sir Matthew Hale. 1 Hale, P. C. 634-635; People v. Benson, 6 Calif. 221; 65 Am. Dec. 506; Gazley v. State, 17 Tex. App. 267; notes to 80 Am. Dec. 369; 6 Ann. Cas. 771; 17 Ann. Cas. 413; Ann. Cas. 1913D, 660.

In Gazley v. State, supra, at p. 277, it was said:

"And there may be a conviction for this offense even upon the uncorroborated testimony of the injured female, although she be a child under the age of ten years. (Bish. Cr. Law, Sec. 968; 1 Russ. on Crimes, 9th ed., 931.) But all the authorities agree, and especially in a case where the injured female is a young child, that this is a crime requiring special scrutiny by the jury, and a careful weighing of the evidence, with all remote and near circumstances and probabilities, in cases where the testimony of the injured female is unconfirmed by other witnesses."

It is by no means clear, however, that a verdict, supported by sufficient evidence, can be set aside because a cautionary instruction on this subject has been refused. Although, as in People v. Benson, supra, there can be found in the cases some very positive assertions as to the

necessity of such an instruction, it will generally be found that the real ground for granting a new trial in such cases was the insufficiency of the evidence. The duty of the jury to view with caution the unsupported testimony of the prosecutrix is sometimes said to be a matter for the consideration of the trial judge and the appellate court in deciding questions as to the sufficiency of the evidence. Hamilton v. State, 41 Tex. Cr. App. 599, 58 S. W. 93; Reeves v. Territory, 2 Okla. Cr. 351, 101 Pac. 1039. The giving or refusing of a cautionary instruction on the subject is sometimes treated as a matter of discretion (State v. Lightheart, 153 Minn. 40, 189 N. W. 408), and sometimes such instructions have been held improper because they state no rule of law, but are mere arguments. State v. Rutledge, 63 Utah 546, 227 Pac. 479. From an examination of many cases it seems to us that if the verdict is supported by sufficient evidence, the appellate court should be reluctant to set it aside merely because a cautionary instruction has been refused.

We think the requested instruction was proper and might well have been given in the case at bar. Usually, of course, questions as to the credibility of witnesses, may safely be left to the jury with the customary instruction on that subject, without any special reference to a particular witness. The propriety, if not the necessity, of a special instruction with reference to the consideration of the testimony of an uncorroborated prosecutrix in cases like this has been taught by experience. Whether the instruction is necessary in a particular case should, in some measure at least, be left to the discretion of the trial judge, and, in view of the whole record in the case before us, we do not believe the refusal of the instruction was an abuse of that discretion.

We have already referred to the exhaustive nature of the examination of the prosecutrix; the fair and dispassionate manner in which the trial seems to have been conducted, and the impression that the jury must have got

therefrom. The instruction on the credibility of witnesses told the jury that they should "carefully scrutinize" all the evidence "as to its truth or falsity." By another instruction they were told that while a conviction might lawfully be based on the unsupported testimony of the prosecutrix, there was no principle of law which presumes her testimony to be true and the testimony of the defendant to be false. This last instruction served the purpose, at least of calling attention to the fact that the prosecutrix was uncorroborated. The instructions on the presumption of innocence and the necessity of proof of defendant's guilt beyond a reasonable doubt were quite full and, perhaps, more than fair to the defendant. Concluding an instruction on reasonable doubt, the jury were told:

"If any reasonable view of the evidence is or can be adopted which admits of a reasonable doubt of the guilt of the defendant, then it is your duty to adopt such view and acquit him."

We are confident that the jury, while not told in so many words that they should view with caution the testimony of the prosecutrix, must have had a full realization of that duty, and the instruction was unnecessary.

The judgment of the district court is affirmed.

*Affirmed.*

BLUME, Ch. J., and POTTER, J., concur.