J. M. JORDAN, JR., V. THE STATE.

No. 23616. Delivered March 12, 1947.

*Collins, Dies, Williams & Garrison*, of Lufkin, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant received a sentence of ten years in the penitentiary upon a jury's verdict finding him guilty of murdering his father, J. M. Jordan, Sr., by shooting and beating him with a gun.

It will not be necessary to detail the unfortunate family situation and circumstances leading up to the homicide. The father is described as being a heavy drinker, frequently coming home intoxicated and abusing his family, especially the sister of appellant. It is shown that he was a strong man while appellant was very frail, having suffered from a stroke of polio early in life. On the particular occasion it is contended by the defense that the father had struck the daughter and was making for his gun, while he threatened to kill her. His wife, the mother of the daughter and appellant, intervened but her action did not appear to deter the deceased. Appellant came to the door with a twenty-two rifle, shot his father twice and, as the father struggled to move forward, struck him with the gun, causing his death.

The chief witnesses in his behalf were the mother and sister. Any reflection on the veracity of either was calculated to play an important part with the jury. From the statement of the case as found in the brief filed by the State's Attorney, we copy the following concise statements which we concede to show reversible error.

"Bill No. 12 reflects that while Marcella Jordan, a sister of appellant, was on the witness stand, having been placed thereon by appellant, the State, on cross-examination, asked her if, prior to the homicide, she was not out in a car with James Wesley DeRamus and his wife and that if she did not then make the statement that appellant had said if her father ever put his hands on her he( defendant) was going to kill her father. She answered that she did not make any such statement. Thereafter, the State called as a witness the said Wesley DeRamus and permitted him to testify, over the objection of appellant, 'That prior to the homicide he, witness, was out in a car with his wife and Marcella Jordan and heard Marcella Jordan make the statement that the defendant had said that if her father ever put his hands on her (Marcella) he (defendant) was going to kill her father.' Appellant objected to this testimony upon the ground that it was immaterial, irrelevant, highly prejudicial and inflammatory to the rights of the defendant, and calculated to injure him and his cause; it was hearsay as to the defendant;

that it was an effort to impeach the witness Marcella Jordan upon an immaterial issue; and, by appellant's bill No. 24, he complains of the action of the trial court in permitting the County Attorney in his argument to discuss the testimony above set out. Obviously, if the testimony was legally admissible the County Attorney had the right to discuss it. However, if appellant's exceptions and objections to said testimony are proper the said testimony should have been excluded, as well as the argument complained of. We are inclined to the belief that the trial court erred in admitting said testimony. We believe the authorities cited by appellant in his brief are controlling on this point and we have been unable to find others directly in point but also fail to find where the authorities cited have been by this Court overruled."

We quote from Section 176 of Branch's Annotated Penal Code (pages 107-08) as follows:

"A hearsay statement of a witness as to a confession, admission, or declaration of defendant tending to incriminate him cannot legally be gotten before the jury under the theory that it is admissible to impeach the witness who denied making such statement. Williford v. State, 36 Texas Crim. Rep. 414; 37 S. W. 761. Boatright v. State, 42 Texas Crim. Rep. 442; 60 S. W. 760. Wells v. State, 43 Texas Crim. Rep. 452; 67 S. W. 1020.

There are numerous cases following the foregoing and we refer to only a very few which have treated the subject. Finks v. State, 209 S. W. 154; Wilson v. State, 281 S. W. 569, together with the cases therein discussed. The principle of law is sound and well recognized in other jurisdictions as well as our own.

Other questions involved in the appeal will not appear upon another trial and we feel it unnecessary to write further.

The judgment of the trial court is reversed and the cause is remanded.