# STATE v. QUIRK

(No. 1462; June 27, 1928; 268 Pac. 189)

*Allan A. Pearson* and *William C. Kinkead,* for appellant.

*W. O. Wilson,* Attorney General, and *John Dillon,* Special Assistant Attorney General, for respondent.

TIDBALL, District Judge.

The defendant was convicted of the crime of statutory rape on the person of his fifteen year old daughter and was sentenced to the penitentiary. From such conviction and sentence he has appealed. The offense for which defendant was tried is alleged to have been committed in the town of Pine Bluffs in Laramie County on February 5, 1927, in a feed barn of defendant's.

The prosecutrix testified to several prior acts of intercourse between her and defendant in this barn. She testified that on some of these occasions, tho not on February 5th, 1927, the date of the act on which defendant was tried, defendant used a "rubber" and after the act threw the

"rubber" into a chimney in the barn. One such instrument, which the testimony shows was found in this chimney by certain witnesses in April, 1927, was introduced in evidence as Exhibit 1 over the objection of defendant. This is assigned as error.

The great weight of authority is to the effect that in a prosecution for statutory rape, evidence of prior acts of intercourse between defendant and prosecutrix are admissible. See note in 48 L. R. A. (N. S.) p. 236, 22 R. C. L. 1205, 33 Cyc. 1483; Strand v. State, 36 Wyo. 78, 252 Pac. 1030. This proposition is not disputed in the case at bar. The objection to the introduction of Exhibit 1 was that it was "incompetent, irrelevant, and immaterial, and having no bearing on any issue in this case." In his brief defendant argues that the exhibit was not properly identified, but that question was not raised by the objection in the trial court and hence is not to be considered here. We think the objection was properly overruled. The finding of the "rubber" in the place where the prosecutrix testified such an article was deposited by defendant after an act of intercourse would constitute some corroboration of the testimony of the prosecutrix as to previous acts of intercourse, we think, unless the time of finding was too remote or the identification was not sufficient. These matters were not raised by the objection made to the exhibit and they are matters largely within the discretion of the trial court. Hence we cannot say any error was committed in allowing Exhibit 1 to be introduced in evidence.

During the course of the trial the prosecutrix testified over objection that she was pregnant. A physician was called by the prosecution and he testified that prosecutrix was pregnant and had been in such condition, in his opinion, since some time in December, 1926. The court refused to strike this testimony on motion of defendant, and properly did so, we think. The defendant's counsel in cross-examination attempted to question the prosecutrix concerning her relations with a certain young man about town

and attempted to show that she was keeping company with this young man against the will of her father, the defendant. Objections to such questions were made and sustained by the court. The defendant then offered to prove by the cross-examination of prosecutrix that she had been going with and keeping company with the young man in question, against the will of her father; that she had accompanied him to picture shows and had been in his company late at night; that the young man had a bad reputation in the town of Pine Bluffs, and that prosecutrix had had sexual intercourse with him prior to and about February 5th, 1927, and also at the time when she alleges she became pregnant. This offer of proof was objected to "for the reason that it is absolutely immaterial. The character, past conduct, similar acts with other persons of a female under the age of consent, is not material, because consent cannot be assumed." The court sustained this objection without comment. Later, when defendant was on the witness stand in his own defense, he was questioned concerning the relations between the prosecutrix and this same young man but was prevented from answering by the court's sustaining an objection by the prosecutor. The defendant then offered to prove by his own testimony that his daughter, the prosecutrix, had been keeping company with this young man since the summer of 1926, and until March, 1927, that he was a man of dissolute habits, that he had a bad reputation in Pine Bluffs, that defendant had repeatedly opposed her going with him, had pleaded with the girl's mother to break up the match, that about Christmas time 1926, the prosecutrix was with this young man until late at night riding with him in an automobile, that defendant insisted on her coming into the house and leaving the young man, that the mother refused to interfere, and that this young man, and not the defendant, was responsible for her pregnancy. A similar objection as above set out was made to this offer and the court sustained the ob-

jection without comment. The several rulings of the trial court on the offers of defendant are assigned as error.

We are of the opinion that these assignments of error must be sustained. Statutory rape cases are usually largely tried upon the testimony of the female claimed to have been assaulted and the denial of any such assaults by defendant. There is usually little corroboration by other witnesses. The case at bar is no exception. There was little corroboration on either side except the proof of the pregnancy of the prosecutrix, but we think it requires no argument to demonstrate that such corroboration if unexplained by any evidence on the part of defendant or if its force were not weakened by testimony tending to show that her condition was or may have been caused by some one other than defendant, would in the minds of the jury be considered as almost conclusive proof of defendant's guilt. While it is true that in a statutory rape case it is immaterial whether the prosecutrix consented to the intercourse or not and that therefore acts of intercourse between her and a person other than defendant cannot usually be shown; yet when the prosecution introduces evidence as to the physical condition of the prosecuting witness upon the theory that such condition is the result of intercourse between her and defendant, then the weight of authority and the better reasoning are to the effect that defendant may show by competent evidence that such condition is the result, not of any act of his, but of some one else. Hence, when the pregnancy of the female is shown, defendant should be allowed to show, either by direct or circumstantial evidence, that another, and not he, is responsible for such condition. If this were not so, then any male accused by a pregnant female of being responsible for her condition, would be in a precarious situation. Authorities for this rule are numerous. We cite a few: 22 R. C. L. 1211, 33 Cyc. 1480-81; People v. Boston, 309 Ill. 77, 139 N. E. 880; Kanert v. State, 92 Neb. 14, 137 N. W. 975; State v. Mobley, 44 Wash. 549, 87 Pac. 815; Moya v. People, 79

Colo. 104, 244 Pac. 69; People v. Currie, 14 Cal. App. Ct. 67, 111 Pac. 108; Commonwealth v. Duff, 245 Mass. 81, 139 N. E. 351; Fuller v. State, 23 Ariz. 489, 205 Pac. 324; State v. McPadden, 150 Minn. 62, 184 N. W. 568.

We do not understand that the Attorney General in his brief contends that acts of intercourse between the prosecutrix and some one other than defendant near the time of conception by the prosecutrix, are inadmissible, but the Attorney General contends that the offer of proof made by defendant was too general and included the proof of acts of intercourse at a time too remote to have any bearing on the question of the cause of pregnancy, and that a trial court is not bound, when an offer contains both admissible and inadmissible evidence, to separate the two and allow the admissible evidence. Ordinarily, we think, such a rule as is contended for by the Attorney General, should be enforced by an appellate court. However, when it is apparent from the whole record that a more specific offer or one omitting the inadmissible matter would have availed the party making the offer nothing because of a misconception by the trial court of the law relating to such offer, then we should not too strictly enforce a rule, salutary as such rule may ordinarily be, the strict enforcement of which would deprive a defendant of a substantial right. An appellate tribunal should be as reluctant to affirm a conviction upon a technical enforcement of a rule when by so doing a defendant would be deprived of a substantial right, as it should be reluctant to reverse a conviction upon a technicality when substantial justice has been accorded defendant. We are satisfied from the objections made by the prosecutor to questions that preceded the offers as well as to the offers themselves, and from the rulings of the court sustaining such objections, that no matter how nicely the offers may have been framed by defendant's counsel, they would have met with the same result. We are therefore of the opinion that the several rulings of the trial court by which defendant was prevented from attempting

to show that the pregnancy of the prosecutrix was caused by some one other than defendant, constituted reversible error.

While the point is not raised by the briefs, we believe we should call attention to the fact that the proffered evidence excluded by the court, consisted in part of an offer to show that there had been trouble between defendant and the prosecutrix because of his objecting to her keeping company with the young man mentioned in evidence. Such testimony would have a tendency to show ill-feeling on her part against defendant and to that extent would affect her credibility as a witness and should, if offered for that purpose, be allowed. State v. Wilson, 32 Wyo. 37, 52, and authorities cited.

For the error in sustaining the prosecutor's objections to offers of proof above mentioned, the judgment is reversed and the cause remanded for new trial.

*Reversed and remanded.*

BLUME, C. J., and KIMBALL, J., concur.