PEOPLE v. BURTON

1. CRIMINAL LAW—EVIDENCE—PRIOR OFFENSES—INTENT.

Evidence of another and distinct offense by the accused cannot be introduced unless the question of intent is at issue, when it is admissible for the limited purpose of establishing a "scheme, plan or system" (MCLA § 768.27).

2. CRIMINAL LAW—EVIDENCE—PRIOR OFFENSES—INTENT—INSTRUCTIONS TO JURY.

Evidence of another and distinct offense offered for the limited purpose of establishing a "scheme, plan or system" may be admitted, subject to a limiting instruction, if in the discretion of the trial judge it is relevant and if its probative value outweighs its potential prejudicial effect.

3. RAPE—EVIDENCE—PRIOR OFFENSES—INTENT.

Admission into evidence of testimony concerning the manner in which defendant persuaded two girls other than the 14-year-old prosecutrix to have sexual relations with him was proper where the court instructed the jury that such facts did not necessarily make the defendant guilty of having sexual relations with the prosecutrix, where the scheme, plan or system of the defendant was material, and where defendant proclaimed his innocence and implicated the girls in an extortion plot (MCLA § 750.520).

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 29 Am Jur 2d, Evidence § 326.
  Admissibility, in prosecution for sexual offense, of evidence of other similar offenses. 77 ALR2d 841.
  Admissibility, at trial of criminal case, of evidence of defendant's criminal acts other than those charged. 93 L Ed 185.
[3] 44 Am Jur, Rape § 79.
[4] 47 Am Jur, Searches and Seizures §§ 7, 52, 65.
[5] 44 Am Jur, Rape § 17.
[6] 39 Am Jur, New Trial §§ 198, 201.

4. Searches and Seizures—Plain View—Rape.

    Objects falling into the plain view of a police officer who has a right to be in the position to have that view are subject to seizure and may be introduced into evidence; thus, where the police, lawfully on defendant's premises, seized a camera of the same description as one used in taking pictures of the 14-year-old prosecutrix and other girls while nude and engaged in acts of sexual intercourse, it was proper to allow its introduction into evidence at a trial for statutory rape (MCLA § 750.520).

5. Rape—Statutes—Constitutional Law.

    The statute defining the crime of statutory rape is clearly constitutional (MCLA § 750.520).

6. Criminal Law—Motion for New Trial—Affidavits—Credibility.

    Denial of motion for a new trial was not an abuse of discretion where defendant's motion was supported by the affidavit of a defense witness and the credibility of the affiant was before the court.

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 October 16, 1970, at Marquette. (Docket No. 7,918.) Decided December 1, 1970.

William Glen Burton was convicted of statutory rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnson, III,* Chief Appellate Attorney, for the people.

*William J. Heyns,* for defendant on appeal.

Before: Fitzgerald, P. J., and McGregor and O'Hara,* JJ.

    * Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Fitzgerald, P. J.   Defendant appeals his jury conviction of statutory rape.[1]

On January 21, 1968, prosecutrix, age 14, and two other girls, age 15, ran away from home. On January 24, 1968, they entered defendant's restaurant in Marne and asked for employment. The girls testified defendant said he could not employ them in the restaurant but offered to use them as models for a Los Angeles studio. They were to pose in the nude and engage in acts of sexual intercourse with other men while he took pictures. The pay, if they were accepted by the studio, was $145 per hour. The girls agreed and defendant took them to his apartment. A Polaroid Swinger camera was produced and one of the girls was the first to be "photo tested" while the other girls were at a movie. She testified that defendant had sexual intercourse with her while the camera was supposedly taking "automatic" pictures of the proceedings.

After picking up the other two girls at the movie and returning to his apartment, defendant brought in a man named Charles Parker. Prosecutrix testified that she saw both the other girls have intercourse with Charles Parker while defendant snapped pictures. Later, Charles Parker and the other two girls went for food, leaving prosecutrix alone with defendant. While the camera was supposed to be taking automatic pictures, defendant induced the prosecutrix to have acts of intercourse. On January 26, 1968, defendant returned prosecutrix near her home. Her father notified the police and defendant was arrested.

Defendant, testifying in his own behalf, said he was innocent and that the girls threatened to have him arrested for statutory rape if he did not give

---

[1] MCLA § 750.520 (Stat Ann § 28.788).

them a lot of money. The theory of his defense was blackmail. He knew the girls were under age, they were in his apartment, and he was caught in a trap. He was unable to raise enough money to pay them off.

While incarcerated, defendant asked the police to go to his apartment and look after his dog and to take some keys from the top of the dresser to a restaurant where he cooked part-time so that it could be opened. The police also took the camera which was on top of the dresser. Over defense objection, the camera was entered into evidence as an exhibit.

At the trial, Charles Parker refused to testify on the basis of self-incrimination. After trial he submitted an affidavit saying he was induced to take the Fifth Amendment through threats and promises of leniency by the prosecutor. A counter-affidavit was submitted by the prosecution denying these allegations. The trial judge overruled defendant's motion for a new trial on the basis of the Charles Parker affidavit.

On appeal, defendant argues five allegations of error. First, it is contended that the lower court erred in admitting testimony involving other alleged criminal acts. Second, it is alleged that the lower court erred by allowing into evidence the Polaroid camera seized at defendant's residence. Third, the admission of improper evidence and testimony forced defendant to take the witness stand and testify to counteract the same. Fourth, it is contended that the statute under which defendant was convicted is unconstitutional. Finally, it is contended that the lower court erred in failing to grant a new trial based upon the affidavit of Charles Parker.

Under Michigan statute, CL 1948, § 768.27 (Stat Ann 1954 Rev § 28.1050),[2] the prosecution is not allowed to introduce evidence of another and distinct offense by the accused unless the question of intent is at issue, when such evidence is admissible for the limited purpose of establishing a "scheme, plan or system". If the trial judge, in his discretion, finds the evidence to be relevant and that its probative value outweighs its potential prejudicial effect, he is free to admit such evidence subject to an instruction advising the jury as to its limited use. *People* v. *Shaw* (1968), 9 Mich App 558, 566; *People* v. *Flansburgh* (1970), 24 Mich App 470.

The limiting instruction to the effect that the testimony could only be considered for the purposes of credibility and the fact that defendant may have had relations with the other two girls does not necessarily make defendant guilty of the fact that he had sexual relations with the prosecutrix. There is no ground for error on the basis of improper instructions. *People* v. *Askar* (1967), 8 Mich App 95.

The scheme, plan or system of the defendant was material, especially where he proclaimed his innocence and implicated all three girls in an extortion plot. The testimony concerning the manner in which he and Charles Parker convinced the girls to have intercourse with them by telling them they were being photographed and would be paid for such posing was competent and admissible to establish

---

[2] "In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

defendant's scheme, plan or system in accomplishing the act charged.

Although prejudice could have resulted, the probative value outweighs the conjectural prejudicial effect and to allow such testimony into the trial did not, under the circumstances before us, result in a reversible abuse of discretion.

The police were lawfully on defendant's premises through permission. The camera was located not by a search, but merely by the exercise of the officers' senses. "It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." *Harris* v. *United States* (1968), 390 US 234, 236 (88 S Ct 992, 19 L Ed 2d 1067, 1069). See, also, *People* v. *Hopper* (1970), 21 Mich App 276; *People* v. *Cook* (1970), 24 Mich App 401.

The trial court did not commit error in allowing the camera into evidence as an exhibit.

Our finding that it was proper to admit other alleged criminal acts and the camera obviates discussion of defendant's third argument which is that irrelevant evidence forced him to testify in violation of his privilege against self-incrimination or to counteract the effect of this evidence.

The statute involved, MCLA § 750.520 (Stat Ann § 28.788), is clearly constitutional. The statute forbidding statutory rape is more than a century old. Defendant's constitutional challenge is in the form of a bare statement without authority or precedent. Defendant admitted he knew the girls were under age. Michigan courts have held since early times that where a female is under the age of consent, she is deemed incapable of consenting to the act, and it is immaterial whether or not intercourse was had with force or by consent. The rule

is so well established that citation of authority is unnecessary.

Defendant contends that Charles Parker used the Fifth Amendment because of promises, inducements and representations by the prosecution thereby avoiding giving testimony to show that he was not guilty of the crime charged. In the affidavit, Charles Parker, in addition to stating he was coerced, says that the girls lied and that he never entered defendant's apartment. The affidavit is unsupported in any way. Prior to the submission of the affidavit, Charles Parker, through a plea of guilty, admitted that the girls did not lie and that he did in fact go to the defendant's apartment. The credibility of Charles Parker, who appeared at the trial, is in issue and is a consideration for the trial court. A contradicting affidavit was submitted by the prosecution denying coercion or promises of leniency and was likewise for consideration.

The granting of a new trial is directed to the sound discretion of the trial court and that discretion will not be disturbed on appeal without a showing of clear abuse. *People* v. *Thomas* (1969), 17 Mich App 740; *People* v. *Lewis* (1970), 26 Mich App 290. We find, under the circumstances, that the trial court did not abuse its discretion in refusing to grant defendant a new trial.

Affirmed.

All concurred.