STATE OF NEBRASKA, APPELLEE, v. HERMAN HOFFMEYER, APPELLANT.

193 N. W. 2d 760

Filed January 21, 1972. No. 38059.

George D. McArthur, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This is an appeal by Herman Hoffmeyer from a conviction for the crime of fondling a minor. Defendant admitted touching the sexual organs of an 8-year-old girl, but contends it was purely accidental and wholly unintentional. We affirm.

Defendant sets out 12 assignments of error, but discusses only 5 of them in his brief. In accordance with Revised Rules of the Supreme Court, 1967, Rule 8a2(3), defendant has limited himself to those discussed. In passing, we note that among the assignments not discussed is an allegation that the verdict is not sustained by sufficient evidence. We have carefully examined the record, and the evidence was amply sufficient to present a jury question.

The first assignment discussed by defendant is that the trial judge was not justified in permitting the asking

of leading questions. During the examination of a 14-year-old female witness, the prosecutor asked the following question: "Q. Let's stay with Paula and Debbie. Was there any conversation as to their panties?" Defendant's objection to the question as leading was overruled. We do not consider the question to be improper. In general, a question is leading when it is so framed as to suggest to the witness the answer which is desired of him. Conversely, a question is not leading where it does not in any way indicate or suggest the answer desired.

Our law is well settled that a trial court in a criminal case has a large, though not unlimited, discretion in granting or refusing permission to ask a witness a leading question. The discretion is a legal one and subject to proper limitations. See State v. Burton, 174 Neb. 457, 118 N. W. 2d 502. As we said in that case, it is usual and proper for the court to permit leading questions in conducting the examination of a witness who is immature, unaccustomed to court proceedings, inexperienced, agitated, terrified, or embarrassed while on the stand, and lacking in comprehension of the questions asked.

The second assignment of error discussed by defendant was the overruling of defendant's motion for continuance and change of venue because of an inflammatory letter or article which appeared in the "Vox Populi" section of The Hastings Daily Tribune the week before the trial. The letter relates to the molestation of the daughter of the writer and refers to the fact that within a week the man was out on bond and there was nothing that could be done about it. The editor of The Hastings Daily Tribune was called as a witness in defendant's trial. He testified that the letter had no reference whatever to the defendant. He further testified that of his own personal knowledge the person referred to in the "Vox Populi" letter was not the defendant.

The request for a change of venue in a criminal action

is addressed to the sound discretion of the trial court, and its ruling thereon will not be disturbed unless there is an abuse of such discretion. See State v. Losieau, 174 Neb. 320, 117 N. W. 2d 775. In passing, we also observe that the defendant passed the jury for cause after he had a full opportunity to learn if any of them had read the article in question.

Defendant's third assignment of error is directed to the overruling of his motion for a mistrial when the 8-year-old companion of the prosecutrix, who was also involved on the occasion in question, testified as follows: "Q. What happened then, Paula? A. Well, he asked me to get on his lap, and I did, and then he asked me about the underwear. And after I told him, then he asked me if he could see my—between my legs. Q. What happened then, Paula? A. Well, he felt it. Q. Did he put his hands in your panties, honey? A. Yes. Q. Did he touch or rub it, honey? A. Yes." It is a general rule that evidence of other crimes is not admissible to prove the guilt of the defendant of the particular crime charged. There are exceptions, however, to this rule. Such evidence is relevant and admissible if it tends to prove a particular criminal intent, which is necessary to constitute the crime charged. See State v. Putnam, 178 Neb. 445, 133 N. W. 2d 605. This was a similar act, which occurred at approximately the same time, at the same place, and, in view of the defendant's defense of accidental or inadvertent touching, is relevant to show intent or motive. The jury was properly instructed that the evidence in question was received solely for the limited purpose of showing the intent or motive of the accused in the particular act charged.

Defendant's fourth assignment of error is directed to the sustaining of an objection to the following question he asked prosecutrix' mother: "Q. Have you in times past had occasion to warn Lisa not to take candy from strangers or get in the car with strangers, particularly strange men?" As an original question, defendant's con-

tention has merit. Here, it is nonprejudicial, or at best harmless error. Prosecutrix' mental state was not in issue, and the prosecutrix herself testified during cross-examination to exactly the facts which the defendant sought to elicit from her mother, so that the evidence was merely cumulative.

The last assignment of error discussed by defendant refers to the sustaining of an objection to the following question: "Q. Now, Mr. Hoffmeyer, I would like to have you tell this jury what your attitude and feeling is towards small children and towards small girls." The objection was sustained as not material nor relevant. Defendant was charged with indecently fondling a minor. Evidence of mens rea at the time of the act was admissible and defendant was permitted to testify about his mental state at that time. His attitude generally towards young children at other times was immaterial.

The judgment is affirmed.

AFFIRMED.