HAROLD EARL THOMPSON *v.* STATE OF INDIANA.

[No. 3-1273A165. Filed December 11, 1974.]

*Bernard M. Tetek, Gerald N. Svetanoff,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Glenn A. Grampp,* Deputy Attorney General, for appellee.

GARRARD, J.—The defendant was tried by jury and convicted of rape. The asserted error is the admission of testimony of two witnesses, in addition to the prosecuting witness, who advised the jury that defendant had raped them. We hold that under the circumstances here present, the intro-

duction of this testimony as a part of the state's case was proper.

A well established exception to the rule precluding evidence of prior crimes is that when material to the issues before the trier of fact, it may be introduced to establish a common plan, scheme or design on the part of the defendant which renders more probably his commission of the offense charged. *Duvose* v. *State* (1971), 257 Ind. 450, 275 N.E.2d 536; *Meeks* v. *State* (1968), 249 Ind. 659, 234 N.E.2d 629; *Loveless* v. *State* (1960), 240 Ind. 534, 166 N.E.2d 864.

In the case before us the defense vigorously contested that defendant was in any manner involved. The prosecuting witness, and the other two witnesses whose testimony is in dispute, were each extensively cross examined on their identifications of the defendant. The defendant testified and denied any knowledge of or involvement in the crime. The issues on trial were different than those in *Meeks* where the defendant admitted the act of intercourse but claimed it was by consent.

The prosecuting witness testified that on the day in question at about 10:00 a.m. she was in her back yard hanging clothes to dry. The defendant came up to her in the yard and inquired whether she needed any remodeling done to her home. When she replied they did not, he left. A short time later he returned, knocked at the door and inquired whether she had any old appliances to sell. He then forced his way in and threatened her with a knife. Before raping her, he committed cunnilingus upon her.

The first of the two witnesses whose testimony is objected to, resided within the same general area of mid-southern Gary as the prosecuting witness. She testified that on January 3, 1966, some four and a half months prior to the crime charged, at about 10:00 in the morning, she noticed a man, whom she positively identified as the defendant, walking behind her as she went down the alley to her garage. She entered the garage and saw him walk on down the alley.

Moments later as she was about to unlock her door, the defendant grabbed her arm. He asked for her money and that she have intercourse with him. When she pleaded to be let alone he threatened to "cut" her neck. He then had intercourse with her.

The second witness, whose residence is between the other two, testified that she was doing her laundry at her home on August 3, 1966, some two and one half months after the date of the offense charged.. A man, whom she positively identified as the defendant, came to her door. He told her he was a decorator and asked if she had considered doing any decorating. She told him "yes" and he asked for a pencil and a piece of paper. He then entered the house and as she was walking to the living room, he grabbed her and forced her to the bedroom. He then performed cunnilingus and forced her to have intercourse with him.

The proximity in time and place of these occurrences, the approach used by the defendant and accompanying sodomy were sufficient to show a common scheme, design or plan.

Defendant, however, argues that this case is analogous to *Meeks* where the defendant admitted the act but claimed consent. Here, it is asserted that the testimony of the prosecuting witness was sufficient to establish every element of the charge and therefore the testimony complained of was superfluous to the issues. It is true that a conviction might have been sustained on the testimony of the prosecuting witness alone. This, however, is the standard of appellate review. The standard applicable at trial is that the state must prove guilt beyond a reasonable doubt.

To discharge this burden, it is within the province of the prosecution—giving due regard to ethical considerations and trial strategy—to present all of the legitimate evidence tending to establish the guilt of the accused. That is what was done.

Judgment affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 319 N.E.2d 670.