William G. ELLIOTT, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 5067.

Supreme Court of Wyoming.

Oct. 3, 1979.

Robert B. Denhardt, Lander, for appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Gay V. Bartels, Asst. Atty. Gen., and Gary A. Barney, Deputy County and Pros. Atty., Fremont County, for appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

THOMAS, Justice.

The major question presented in this case is the admissibility in a trial for second degree sexual assault of testimony of an older sister of the victim concerning prior attempts of a similar nature involving her as a victim. Other issues are raised concerning the recitation by corroborative witnesses of the details of the reports made to them by the victim; the admissibility of testimony by the victim's mother that the victim was a truthful child; and other testimony by the victim's older sister to the effect that she left home the day following the assault because her prior experiences made her fearful of an assault upon her. We have concluded that no prejudicial error occurred, and we will affirm the judgment and sentence entered by the trial court.

The appellant was charged with a violation of § 6–63.3(a)(v), W.S.1957, adopted by ch. 70, § 1 of the Session Laws of Wyoming, 1977 (now § 6–4–303(a)(v), W.S.1977). The statute provides in pertinent part:

"(a) Any actor who inflicts sexual penetration or sexual intrusion on a victim commits sexual assault in the second degree if, under circumstances not constituted sexual assault in the first degree:

\*　　\*　　\*　　\*　　\*　　\*

"(v) At the time of the commission of the act the victim is less than twelve (12) years of age and the actor is at least four (4) years older than the victim;"

More specifically, the appellant was charged with willfully and feloniously inflicting sexual penetration, to wit: "sexual intercourse, without emission, on a victim, to-wit: [victim's name]" with the victim being 9 years of age at the time of the commission of the act and the appellant 32 years old at that time. In § 6–63.1(a)(ix), W.S.1957, adopted by ch. 70, § 1 of the Session Laws of Wyoming, 1977 (now § 6–4–301(a)(ix), W.S.1977) the following definition appears:

"(ix) 'Sexual penetration' means sexual intercourse, \* \* \* with or without emission;"

After trial to a jury, the appellant was found guilty, and he then was sentenced to a term of not less than one nor more than two years in the Wyoming State Penitentiary. It is from that judgment and sentence that this appeal is taken.

The infant victim testified that the defendant (who then was married to the victim's mother) came home around 9 p. m. on the date of the charged offense. He told her to go to bed, and she did get ready and went to bed. She was wearing her pajamas and some underpants. She was half asleep when the defendant, attired in his underpants and a T-shirt, came in and told her to take off her clothes. She started crying, and did not acquiesce in his demand so he took off her clothes. After that he manipulated the victim's genitalia with his finger, and then with the victim lying on her back he stuck his penis in her and moved back and forth. She was crying and trying to push him off, but he did not immediately stop what he was doing. He later did desist and went over to his bed, and the victim put her pajamas on and went back to bed. She testified that he told her not to tell her mother or her sister and whenever she and

a friend were at his place of employment she should get some money from him. She did not tell her mother what occurred the next day, but told her the following morning, which was Monday. She then was examined by two doctors, according to her testimony. The victim further testified that she had pain on Sunday morning, the day following the assault, and that when she went to the bathroom and wiped there was blood on the tissue and blood on her underpants, which were admitted into evidence. During the course of her testimony she also gave her age as 9 at the time of the alleged offense.

By way of corroboration in the State's case in chief, a police officer, the victim's mother, a physician's assistant, and a physician, all testified as to the victim's recitation or other information furnished to them of the circumstances reflected in her testimony quoted above. In addition, the physician's assistant testified that upon examination the labia or skin folds around the vagina were inflamed, were red, and that there was a small tear in the hymenal ring. The tear was approximately two millimeters. Swabs taken from the vaginal vault indicated that there had been bleeding in the vaginal area. The physician described a small laceration or not much more than a deep scratch in the mucosa at the entry to the vagina. He said this injury would bleed even though it was not very deep. Each of the witnesses who testified about the complaint of the victim or other information furnished to that witness went into some detail with respect to what the victim had told the witness or the information which was furnished.

The victim's mother was asked by the prosecuting attorney if the victim was a truthful child. At that time the following colloquy occurred:

"[Defense counsel]: Objection, your Honor. This witness has not shown to be competent to make that testimony and it's self serving, hearsay; it's not according to the formal rules of showing character or reputation as it is known in the community. The truthfulness is not the issue in this case but rather the fact of chastity, virtue, sexual habits.

"THE COURT: Well, we are talking about a nine year old girl and this is her mother. Maybe she ought to know. Overruled.

"Q. (By [prosecuting attorney]): Please answer the question, [victim's mother].

"A. Yes, I think she's truthful."

The appellant testified in his own behalf. Essentially he denied the events about which the victim testified. In response to questioning by his counsel he stated that the reason why the victim would accuse him of this act was that he was the closest one there and the victim's mother and he were not getting along.

After the defense rested, the State called as a witness the victim's older sister. Over the objection of defense counsel, which we treat as based upon proper grounds, the older sister of the victim testified as to three prior instances involving the appellant and her. As to the first instance, which occurred when they lived in Jackson, Wyoming, in a home with two bedrooms, she testified he told her to go into the other bedroom and to take off her clothes. When she refused, he started to take them off himself, and then started playing with her. Then he tried to stick his penis into her, but she started screaming and kicking and ran away into the other bedroom, after which the appellant returned her to the bedroom where the assault had taken place and told her to put her clothes back on. Her account of the second instance was that it occurred in Gillette, Wyoming, when the family lived in a trailer. She testified that she was sleeping at night when appellant came home, awakened her, and told her to get into the back bedroom. She complied, and he told her to take off her clothes, which she did. Again he started playing with her and started to put his penis into her, but again he was unsuccessful because she started running all around the mobile home. Ultimately, she went back into the bedroom where appellant told her to put her clothes back on. The third instance occurred in the same trailer home. The older sister testi-

fied appellant told her to come into the house, and then told her to go into the back bedroom and take off her clothes. She refused, and he again told her to take them off, and got his knife out when she refused. At that time he told her to take off her clothes or else he would do something, but she was screaming, and her younger sister (the victim in this case) started banging on the door. The appellant then told the sister to get her clothes on and he then let the younger sister (victim) into the trailer.

On surrebuttal the appellant denied the acts testified to by the older sister. He assigned as the reason why she would so testify the same motivations as those of the victim, because the appellant and her mother were not getting along.

The appellant presents as issues for review the following claimed prejudicial errors:

1. The testimony of the older sister with respect to prior attempted sexual assaults on her.

2. The recitation of the hearsay details of the complaint made by the victim to each of the corroborative witnesses.

3. The testimony of the victim's mother that the victim was a truthful child coupled with the comment of the court that the mother ought to know whether she was a truthful child.

4. The testimony of the older sister that she left the home on the day following the assault on the victim because of her fear that the appellant would again assault her.

We deal with the issue of the testimony of the older sister as to prior sexual assaults in the context of Rule 404(b) and Rule 403, Wyoming Rules of Evidence. Rule 404(b), W.R.E., provides as follows:

"(b) *Other crimes, wrongs, or acts.*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Rule 403, W.R.E., provides as follows:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

■ Wyoming unquestionably is committed to the general rule that evidence of other crimes or wrongdoing normally is not admissible in the trial of a criminal case. *Newell v. State*, Wyo., 548 P.2d 8 (1976); *Dorador v. State*, Wyo., 520 P.2d 230 (1974); *Gabrielson v. State*, Wyo., 510 P.2d 534 (1973); *Rosencrance v. State*, 33 Wyo. 360, 239 P. 952 (1933). In prior cases, however, the court has recognized that in the context of sexual offenses other similar acts may be admitted if they involved the victim in the charged offense. *State v. Koch*, 64 Wyo. 175, 189 P.2d 162 (1948); *State v. Quirk*, 38 Wyo. 462, 268 P. 189 (1928); *Strand v. State*, 36 Wyo. 78, 252 P. 1030 (1927).

Our analysis of cases from other jurisdictions leads to the conclusion that in recent years a preponderance of the courts have sustained the admissibility of the testimony of third persons as to prior or subsequent similar crimes, wrongs or acts in cases involving sexual offenses. Among the grounds relied upon for the admissibility of such evidence is that it is admissible to show motive or to show plan, with various phrases being used by the courts to describe those concepts. *State v. Thomas*, 110 Ariz. 106, 515 P.2d 851 (1973); *Fields v. State*, 255 Ark. 540, 502 S.W.2d 480 (1973); *People v. Fritts*, 72 Cal.App.3d 319, 140 Cal.Rptr. 94 (1977); *People v. Covert*, 249 Cal.App.2d 81, 57 Cal.Rptr. 220 (1967); *State v. Hauck*, 172 Conn. 140, 374 A.2d 150 (1976); *Hunt v. State*, 233 Ga. 329, 211 S.E.2d 288 (1974); *Staggers v. State*, 120 Ga.App. 875, 172 S.E.2d 462 (1969); *Thornton v. State*, Ind., 376 N.E.2d 492 (1978); *Merry v. State*, Ind. App., 335 N.E.2d 249 (1975); *Thompson v. State*, 162 Ind.App. 381, 319 N.E.2d 670 (1974); *People v. Gonzales*, 60 Ill.App.3d

980, 17 Ill.Dec. 901, 377 N.E.2d 91 (1978); *People v. Middleton*, 38 Ill.App.3d 984, 350 N.E.2d 223 (1976); *State v. Drake*, Iowa, 219 N.W.2d 492 (1974); *State v. Hampton*, 215 Kan. 907, 529 P.2d 127 (1974); *People v. Burton*, 28 Mich.App. 253, 184 N.W.2d 336 (1970); *State v. Jensen*, 153 Mont. 233, 455 P.2d 631 (1969); *State v. Hoffmeyer*, 187 Neb. 701, 193 N.W.2d 760 (1972); *Simpson v. State*, Nev., 587 P.2d 1319 (1978); *Jett v. State*, Okl.Cr., 525 P.2d 1247 (1974); *State v. Jackson*, 82 Ohio App. 318, 81 N.E.2d 546 (1948); *McKinney v. State*, Tex.Cr.App., 505 S.W.2d 536 (1974); *Hendrickson v. State*, 61 Wis.2d 275, 212 N.W.2d 481 (1973); *State v. Tarrell*, 74 Wis.2d 647, 247 N.W.2d 696 (1976).

■ We note that in cases involving sexual assaults, such as incest, and statutory rape with family members as the victims, the courts in recent years have almost uniformly admitted such testimony. See for example, *People v. Fritts*, supra; *People v. Covert*, supra; *Staggers v. State*, supra; *Merry v. State*, supra; *Simpson v. State*, supra; *Jett v. State*, supra; *State v. Jackson*, supra; *Hendrickson v. State*, supra. The description of the events by the victim's sister here, together with the testimony of the victim, persuades us that the conduct described was sufficiently similar to pass the test of relevancy under Rule 404(b), W.R.E., and was admissible for the purpose of proving the motive of the appellant.

According to these other courts, the remoteness of the other conduct is a factor to be considered in determining the question of relevancy. In this instance the testimony of the older sister described a time frame of not more than three years prior to this instance, which would not inhibit admissibility of her testimony as involving acts that are too remote.

As we have indicated, some courts in comparable circumstances have relied upon the common design or plan manifested by the similarity of the prior crimes, wrongs, or acts to justify their admissibility. That reasoning well might fit these circumstances. The conduct described by the witnesses

was sufficiently similar to meet that requirement as set forth in the decisions of other courts. In this particular instance, however, we conclude that admissibility of the evidence is justified as proof of motive. In *Valerio v. State* Wyo., 429 P.2d 317 (1967), we cited several cases as having held that "testimony about one's previous criminal activity can be introduced in the current trial if the purpose of such introduction is to establish identity, guilty knowledge, intent or motive." In *Thompson v. United States*, 144 F. 14, 18 (1st Cir. 1906), the court said:

> "In the sense of the criminal law, motive has been well enough described as 'that which leads or tempts the mind to indulge in a criminal act,' and it is something that may be resorted to as a legitimate help in arriving at the ultimate act in question. * * * "

In Webster's New International Dictionary, Unabridged, page 1475 (G. & C. Merriam Co., Publishers, 1961), there appear, among others, the following definitions of motive and its synonyms:

> " * * * something within a person (as a need, idea, organic state, or emotion) that incites him to action * * * the consideration or object influencing a choice or prompting an action * * * syn motive, spring, impulse, incentive, inducement, spur, and goad, can mean in common, a stimulus prompting a person to act in a particular way. * * * "

In *State v. Bond*, 12 Idaho 424, 86 P. 43 (1906), the court pointed out that motive is an inferential fact which may be inferred from any previous occurrences having reference to and connected with the commission of the offense.

Turning to the application of these concepts here, we have a case in which a victim whose testimony is corroborated by fresh complaint and some apparent injury, testifying that criminal conduct occurred. The defendant testified that no such conduct occurred, and ascribed a motive to the victim for testifying falsely. Given this evidentiary conflict a finder of fact would be extremely interested in other information

that might be available to help resolve the ultimate issue. Evidence of motive would be such information. One who is a paraphiliac, whose preference or addiction for unusual sexual practices occurs in the form of pedophilia, could well be recognized as having a motive to commit the acts complained of by the victim. The fact finder could infer from the acts complained of by the older sister that Elliott was so motivated. Such information would be helpful to any professional in determining whether Elliott was so afflicted. We conclude that on this basis the conduct described by the older sister in her testimony passes the test of relevancy under Rule 404(b), W.R.E., and was admissible for the purpose of proving the motive of the appellant. See e. g., *People v. Fritts,* supra; *Hendrickson v. State,* supra; *State v. Jackson,* supra; and *Staggers v. State,* supra.

■ The determination of admissibility of the testimony of the victim's older sister under Rule 404(b), W.R.E., is only the first step in connection with the ultimate ruling admitting the evidence. Under Rule 403, W.R.E., in each such instance the trial court is called upon to weigh the probative value against the danger of unfair prejudice, confusion of the issues or misleading the jury, among other factors. The record does not disclose a specific consideration by the trial court of this requirement in this instance.[1] In every such instance it is desirable for the trial court to require a proffer of the evidence urged as admissible under Rule 404(b), W.R.E. See Rule 103(c), W.R.E. In that way the trial court can know before ruling on the admissibility under Rule 404(b), W.R.E., exactly what testimony will be forthcoming, and can then perform its function of comparing probative value to the danger set forth in Rule 403, W.R.E., without the possibility that the jury could be influenced by evidence the court ultimately holds to be inadmissible.

■ The function of performing the comparisons required by Rule 403, W.R.E., generally is held to be discretionary with the trial court. The fact that the evidence is detrimental to the defendant is neutral. For the prejudice factor to come into play the court must conclude that it is unfair. *United States v. Dolliole,* 597 F.2d 102 (7th Cir. 1979). Evaluating this evidence in the light of the decisions of other courts, we cannot hold that the district court in this instance committed an abuse of discretion within the context of Rule 403, W.R.E. *United States v. McPartlin,* 595 F.2d 1321 (6th Cir. 1979). Applying the separate tests required by Rules 404(b) and 403, W.R.E., we conclude that the evidence properly was admitted. See *State v. Tarrell,* supra.

Some courts would question the propriety of the older sister's testimony as rebuttal evidence. While such evidence properly could have been brought as part of the State's case in chief, the motive of the defendant only assumed more than ordinary significance when the defendant denied the occurrence of the charged offense and ascribed a motive to the victim for testifying untruthfully. Under these circumstances it was perhaps appropriate for the prosecutor to await an additional necessity for such testimony. Permitting the testimony of the older sister to be presented at a time which in most trials would involve rebuttal evidence was proper.

As to the explanation of the older sister of the reason for her absence from the home, the appellant has cited no authority in support of this claim of error, and in fact concedes that the case would not be reversed for that reason alone. Because of appellant's failure to cite such authority, we will not consider the issue. *Cherniwchan v. State,* Wyo., 594 P.2d 464 (1979).

■ The appellant further complains of the details of the complaint testified to by the police officer, the victim's mother, the physician's assistant, and the physician. The testimony of the physician and the physician's assistant was not about any complaint made to them by the victim. Instead they testified about medical histories

---

1. A record of the court's finding under Rule 403, W.R.E., is helpful in reviewing the exercise of discretion. *United States v. Dolliole,* 597 F.2d 102 (7th Cir. 1979).

furnished in connection with their respective examinations. It is unclear whether that information came from the victim or her mother. A proper objection was not voiced at the trial when each of them testified, and in any event their recitation of details was quite brief. The police officer and the victim's mother went into greater detail with respect to what the victim told them about what occurred. The objection as to the mother's testimony in this area is of borderline sufficiency. The proper objection was asserted to the police officer's testimony. In each instance, however, the witnesses essentially testified that the victim reported to them that the defendant at a particular time and place assaulted her as she described the assault in her testimony. We hold that this testimony did not go beyond the rule stated in *Elmer v. State*, Wyo., 463 P.2d 14 (1969), permitting the proof of the fact of the complaint with such particulars as are necessary to identify the subject matter.

▉ Finally we consider the error which appellant urges arises out of the testimony of the victim's mother that the victim was a truthful child, which was coupled with a comment by the court that the mother ought to know. We first of all point out that no objection was made to the comment by the court. The only objection was made to the question propounded to the victim's mother, and that objection was not very specific. None of the parties have considered this issue within the context of Rule 608(a), W.R.E., which provides as follows:

"(a) *Opinion and reputation evidence of character.*—The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise."

The appellant as to this issue again cites no authority. A strict application of Rule 608(a), W.R.E., to this testimony at the time it was elicited would lead to the conclusion that the objection should have been sustained because "the character of the witness for truthfulness" had not "been attacked by opinion or reputation evidence or otherwise." This certainly was the situation at the time the mother testified. Subsequently the defendant testified that the reason the victim would accuse him of this act was because of his "being the closest one there and her mother and I not getting along I would feel that would be the reason." Furthermore the defendant indicated that the victim was selective with respect to truthfulness. The offered testimony could then have been submitted under Rule 608(a) after the defendant testified. Under these circumstances we conclude that any error was not prejudicial to the defendant since the time of its introduction cannot be said to have enhanced its impact in any way.

The judgment of the trial court is affirmed.

McCLINTOCK, Justice, specially concurring.

While I agree with the majority that the testimony of the victim's sister was properly admitted, I cannot agree that the testimony establishes a motive for the crime, as suggested by the majority. Such testimony is admissible to establish a continuing plan to sexually assault family members and to establish a method characteristically employed. Secondly, the testimony was relevant in that it corroborated the credibility of the victim. *People v. Covert*, 249 Cal. App.2d 81, 57 Cal.Rptr. 220, hrg. denied (1967); *People v. Fritts*, 72 Cal.App.3d 319, 140 Cal.Rptr. 94, hrg. denied (1977); *State v. Thomas*, 110 Ariz. 106, 515 P.2d 851, reh. denied (1973).

Rule 404(b), W.R.E., provides that evidence of other crimes may be admitted to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." In the instant case the following evidence was introduced:

(1) Both girls were the defendant's step-
    daughters.

(2) Both girls were minors when the defendant assaulted them: the victim was nine years old and her sister was 11 and 12 years old.

(3) Both girls were assaulted in a bedroom.

(4) Both girls were told to remove their clothing and after they refused the defendant took off their clothes.

(5) Defendant first fondled the victims' genitalia with his finger and then attempted to force his penis into them. He succeeded in penetrating the nine-year-old.

I find that the testimony of both victims shows a common plan and method of operation and therefore is admissible as an exception under Rule 404(b), supra.

Furthermore, when the defendant took the stand he accused the victim of fabricating the story because he and the victim's mother were having marital difficulties. The defendant's plea of innocence and his testimony concerning the alleged frame-up challenged the credibility of the complaining witness. The testimony of the victim's sister during rebuttal was therefore relevant. *People v. Covert,* supra, 249 Cal. App.2d 81, 57 Cal.Rptr. at 224–225.