Thomas **MARKER**, Appellant (Defendant),

v.

The **STATE** of Wyoming, Appellee (Plaintiff).

No. 87–54.

Supreme Court of Wyoming.

Jan. 5, 1988.

Leonard D. Munker, State Public Defender; and Wyatt R. Skaggs, Chief Trial Counsel, Laramie, for appellant.

Joseph B. Meyer, Atty. Gen.; John W. Renneisen, Deputy Atty. Gen.; and David K. Gruver, Asst. Atty. Gen., for appellee.

Before THOMAS, CARDINE, URBIGKIT, and MACY, JJ., and HANSCUM, D.J.

URBIGKIT, Justice.

This is an appeal from convictions on two counts of aggravated assault with a deadly weapon in violation of §§ 6–2–502(a)(ii) and 6–1–104(a)(i), W.S.1977, 1987 Cum.Supp.

Appellant states the issue as:

"Whether the trial court erred in admitting evidence of sadomasochistic materials."

We affirm.

## FACTS

On February 24, 1986, Thomas Marker (appellant) was charged with two counts of aggravated assault with a deadly weapon. Count I was alleged to have occurred on or

about December 26, 1985, and Count II as amended was alleged to have occurred on or about February 16–17, 1986. The victim and the crime were the same in both counts: appellant cut the penis of his three-year-old son, Robert. A jury convicted appellant of both counts, and sentence was imposed of seven to ten years on Count I and a consecutive term of ten years probation on Count II.

Evidence to which appellant objected consisted of three exhibits: a magazine entitled "299 Bound Boys," and two photocopied excerpts from a book found with the magazine which described various torture techniques. These three exhibits were seized in a consensual search of appellant's apartment. In fact, appellant had drawn a map to aid the officer in finding the material.

The trial judge denied appellant's motion in limine to prevent the admission of these specified items, and allowed their introduction to show "motive and/or identification." Later, the police officer testified that he had seized the materials and then described the publication "299 Bound Boys." The magazine contains a graphic depiction of boys in their late teens in various painful situations, including having their genitals placed in ropes, chains, and other painful devices.[1]

## ADMISSIBILITY

Appellant essentially argues that the admission of this evidence was in error because it was character evidence not admissible under Rule 404(a), W.R.E., and additionally that it should have been excluded as unduly prejudicial under the balancing test of Rule 403, W.R.E. We disagree, finding in the specific facts of this case that the evidence was properly admitted to prove identity under Rule 404(b), W.R.E.[2]

---

1. A motion in limine reveals a significant amount of additional "material and publications" also taken in the seizure, which were not offered in evidence. The objection stated was the inflammatory and prejudicial nature of the material. Considering the amount and content of the material, that objection was obviously well identified.

2. Rule 404(b), W.R.E. provides:
   "*Other crimes, wrongs, or acts.*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowl-

At trial, appellant denied committing the offenses, and the general theory of the defense was to blame the mother for the child's injury.

"Wyoming follows the general rule that evidence of other crimes, wrongs, or acts is normally not admissible in the trial of a criminal case. *Elliott v. State,* Wyo., 600 P.2d 1044 (1979). The general rule is codified in the first sentence of Rule 404(b). In applying the second sentence of the rule, however, we have adopted a rather liberal attitude toward admitting evidence of other crimes, wrongs, or acts. * * * Such evidence is admissible *if it is substantially relevant* for other purposes, and its probative value outweighs its prejudicial effect. *Grabill v. State,* [Wyo., 621 P.2d 802 (1980)]; and *Elliott v. State,* supra. See also 22 Wright and Graham, Federal Practice and Procedure: Evidence § 5239 (1978)." (Emphasis added.) *Bishop v. State,* Wyo., 687 P.2d 242, 245 (1984), cert. denied 469 U.S. 1219, 105 S.Ct. 1203, 84 L.Ed.2d 345 (1985).

In *Goodman v. State,* Wyo., 601 P.2d 178, 181 (1979), this court recognized:

"* * * A prior act of the accused need not be criminal in character in order to be relevant for purposes of Rule 404(b). *United States v. Senak,* 7th Cir.1975, 527 F.2d 129, 143, cert. denied 425 U.S. 907, 96 S.Ct. 1500, 47 L.Ed.2d 758; 2 Louisell and Mueller, Federal Evidence, § 140, p. 121 (1978)."

In more recent analysis, in *Coleman v. State,* Wyo., 741 P.2d 99, 105 (1987), we considered the prior-bad-acts motive exception as admissible in relation to identity:

"* * * It was offered for a permissible purpose to show motive, the state of mind of Coleman, intent, purpose, and a continuing course of conduct. It was material because evidence of motive can lead to an *inference of identity* which is an element of this crime. That concept is appropriately stated in J. Weinstein and M. Berger, 2 Weinstein's Evidence, supra, § 404[14] at 404–108:

edge, identity, or absence of mistake or acci-

" 'Motive has been defined as "supply[ing] the reason that nudges the will and prods the mind to indulge the criminal intent." Two evidentiary steps are involved. Evidence of other crimes is admitted to show that defendant has a reason for having the requisite state of mind to do the act charged, and from this mental state it is inferred that he did commit the act.' " (Emphasis added.)

Wright and Graham, Federal Practice and Procedure: Evidence § 5239, pp. 465–466 (1978) states:

"The exception [for proof of identity] is usually thought of as involving evidence of a method of committing crimes that is so distinctive as to constitute a 'signature' of the culprit. But this is only one way in which evidence of other crimes may serve to identify the actor. Identity may also be shown when the other crime establishes that the defendant is one of a limited class of persons with the capacity to commit the crime * * *."

Identity was also at issue in *Grabill v. State,* Wyo., 621 P.2d 802 (1980), where Rule 404(b), W.R.E. was used to allow evidence of prior bad acts to be introduced in a child-abuse prosecution. Although relying on intent as well as identity, in Grabill the trial court's actions in allowing the admission of the prior-bad-acts testimony was upheld. Similarly, in *Grabill* as well as in the case at bar, the question of who caused the injury was presented to the jury; in both cases, only the mother or the father could have inflicted the injuries. There was no question in the instant case that Robert had been assaulted by either his mother or father (appellant). The mother and appellant maintained separate households, but Robert lived in his mother's residence. However, appellant often visited his children, and did so on the evenings of the assaults. Because the identity of the perpetrator was at issue here as it was in *Grabill,* supra, with a limited class of people capable of the offense, the two excerpts and magazine became relevant and admissible on the identity of the father

dent."

as the likely perpetrator. This evidence served to corroborate appellant's descriptive confessions as further justification for our conclusion under these specific facts that the admission of the evidence to show identity was not error.[3]

Affirmed.

---

**3.** Although the sadomasochistic material was inflammatory, it was not more so than the offenses themselves. The facts of this case, together with the overwhelming evidence presented by the State including sadomasochistic practices, the mother's testimony that on the second occurrence she heard her son scream and came into the room to see her husband holding the knife in his hand and her son bloodied, coupled with the medical testimony of the treating physician, substantiated the confession. Even under a harmless-error analysis, when the totality of the other evidence is considered, no prejudice is shown. *Bishop v. State*, supra, 687 P.2d at 247. A course-of-conduct reference could also be drawn in the general context of our discussion in *Scadden v. State*, Wyo., 732 P.2d 1036 (1987).